[No. 12273.   Department Two.   September 24, 1915.]

VASHON FRUIT UNION, *Respondent*, v. GODWIN & COMPANY, *Appellant*.[1]

FACTORS—COMPENSATION—COMMISSIONS — CONTRACT — CONSTRUC-
TION.   Where a factor's contract for the sale of all the strawberries
of a fruit union required him to pay over the net proceeds, being
the gross amount of sales "less the customary and reasonable
charges" and the commission thereinafter mentioned, and that the
factor should receive ten per cent of the net amount on all sales
as full compensation for services, commissions allowed by the factor
to his distributing agent in the east, and by such agent to local
brokers, cannot be deducted as part of the "customary and reason-
able charges"; since the contract fixed the commissions for making
a sale at ten per cent.

APPEAL—REVIEW—HARMLESS ERROR.   Failure of a judgment to
segregate the amounts due to each plaintiff is not error of which the
defendant can complain.

PARTIES—NECESSARY PARTIES—PLAINTIFFS—TRUSTEE OF EXPRESS
TRUST.   Where a fruit growers' union entered into a contract with
a factor, making him the *del credere* agent of the union and all of
its members, who were not named in the contract, and requiring
the members to deal directly with the agent, who was to keep sepa-
rate accounts with and remit directly to the individual shipper, the
union has no authority to collect the sums due its members, and is
not a trustee of an express trust within Rem. & Bal. Code, § 180, de-
fining a trustee of an express trust as a person with whom or in
whose name a contract is made for the benefit of another, and au-
thorizing him to maintain an action in his own name without join-
ing the persons for whose benefit the contract was made; and the
members are necessary parties to an action to collect the amounts
due them.

SAME—PLAINTIFFS—REPRESENTATIVE SUIT.   In such a case, neither
the union nor part of its members could maintain an action for the
use of all the members, under Rem. & Bal. Code, § 190, providing
that, when the question is one of common or general interest to many
persons, or where the parties are numerous and it is impracticable
to bring them all before the court, one or more may sue for the
benefit of all; since a judgment for the total amount due members
not parties could be collected and satisfied by the parties to the ac-
tion.

[1]Reported in 151 Pac. 797.

Cross-appeals from a judgment of the superior court for King county, Albertson, J., entered February 20, 1914, in favor of the plaintiffs, in an action for an accounting, tried to the court. Affirmed.

*Bogle, Graves, Merritt & Bogle,* for appellant.

*James R. Chambers,* for respondent.

MAIN, J.——The purpose of this action was to secure an accounting, and a judgment for the amount found to be due upon such accounting. The cause was tried to the court without a jury. A judgment was entered for the plaintiffs in the sum of $1,879.77, together with interest thereon. From this judgment, the plaintiffs as well as the defendant appeal.

The facts are substantially these: On the 1st day of June, 1911, the plaintiff the Vashon Fruit Union, a corporation, entered into a written contract with J. W. Godwin & Company, a corporation. By this contract, Godwin & Company was made the *del credere* agent for the Vashon Fruit Union for the year 1911, for the purpose of handling, marketing, and selling all strawberries grown or raised by the Vashon Fruit Union or any of its members during the berry season for the year 1911. The Vashon Fruit Union and its members were to deliver to Godwin & Company, on each day during the berry season, the berries to be sold, at the wharf at Vashon, Washington. Godwin & Company was to there accept the delivery, and to provide cars at that point, so arranged as to be in proper condition for shipment of the berries. Godwin & Company was to do all things pertaining to the shipping and selling of the berries. The berries, so far as possible, were to be sold upon the shipping market and not upon the local market. One paragraph in the contract provides:

"The party of the second part further agrees to sell all of said berries promptly, and to receive and collect all moneys due the party of the first part, or any of its members, resulting from the sale of said berries, and further agrees to

13——87 WASH.

promptly disburse and pay to the party of the first part, and to its members, the net proceeds of said sale and collections, as soon as the same is received by the party of the second part. The said net proceeds being the gross amount of the sales, less the customary and reasonable charges and the commission hereinafter mentioned, deducted therefrom."

Out of the net proceeds, two cents for each crate of berries shipped or sold was to be paid to the Vashon Fruit Union. The remaining portion of the net proceeds was to be paid to the individual members of the Union in proportion and according to the number of crates shipped by each. Daily reports were to be made to each member of the Union of the preceding day's business, showing the kind and amount of berries sold, and where and how the same were disposed of. Separate accounts of the business of the members were to be kept, and the books showing the individual accounts of each member of the Union were to be open to his inspection at all reasonable time during business hours. Another paragraph in the contract is this:

"It is further agreed that the party of the second part shall receive as full and complete compensation for its services and all things agreed upon in this contract, ten per cent of the net amount received by the party of the second part at Seattle, Washington, on all sales made by the party of the second part, which the said second party is authorized to and shall deduct from the proceeds of the sales of said berries."

The contract is signed by the Vashon Fruit Union and J. W. Godwin & Company. Except the two paragraphs quoted, only a very brief summary of the contract is here attempted, the contract being lengthy and somewhat involved.

Prior to the making of this contract, and on the 12th day of May, 1911, Godwin & Company had entered into a contract with Ariss, Campbell & Gault, whereby one Perham of that firm was to go to some point in the middle west and there sell all berries shipped by Godwin & Company, together with one or two other commission merchants. In response to

this agreement, Perham went east and established headquarters at Fargo, North Dakota. The berries received from the members of the Vashon Fruit Union in carload lots were billed direct to Perham. In disposing of these berries under the contract, Perham was allowed a commission of five per cent. In addition to this, he, in turn, in disposing of the product, allowed to local commission men in the territory an additional commission. Godwin & Company, in arriving at the net proceeds of the sales of berries of the Vashon Fruit Union, first deducted the commission allowed to Perham and the commissions which he in turn allowed to local brokers, where a car was disposed of in that manner.

The principal point upon the defendant's appeal is whether, under the contract, any commission could be deducted other than the ten per cent therein provided. The excerpt from the contract first above quoted provides that the "net proceeds being the gross amount of the sales, less the customary and reasonable charges and the commission hereinafter mentioned." The second excerpt quoted provides that, as full and complete compensation for its services, Godwin & Company shall receive ten per cent of the net amount on all sales made by it. It is claimed that the Perham commission, and the other commissions which he allowed, come under the provision for the allowance of the customary and reasonable charges. But this contention cannot be sustained. The contract expressly provides that Godwin & Company was to sell the berries, and fixes its commission at ten per cent. The additional commissions allowed were plainly not within the intent of the parties in providing what should constitute the net proceeds.

The judgment in this case does not segregate and set out the amount which is due each plaintiff, but this is not a matter of which the defendant can complain. If it satisfies the total judgment, the cause, so far as the plaintiffs to the action may be concerned, is terminated. It would, no doubt, have been more accurate to have recited in the judgment the

amount which each plaintiff was entitled to. It is apparent the plaintiffs did not desire it, and the failure to do so is not prejudicial to the defendant.

Upon the plaintiff's appeal, it is first contended that the Vashon Fruit Union had a right to maintain the action for all members thereof. The action was originally brought in the name of this corporation only. When the case came on for trial, an objection was interposed to any testimony other than that pertaining to the two cents per crate allowed to the Vashon Fruit Union, unless the members of that company who were shippers were made parties to the action. This contention was sustained by the trial court. Thereafter, some twenty-three of the shippers and members of the Union were added as parties plaintiffs. The other shippers and members who were not added as parties were thirty or more in number. It is claimed that, under Rem. & Bal. Code, § 180 (P. C. 81 § 9), which provides, among other things, that a trustee of an express trust may sue without joining the person for whose benefit the suit is prosecuted, the action may be maintained by the Vashon Fruit Union alone. The statute referred to defines a trustee of an express trust, within the meaning of the section, as a person with whom or in whose name a contract is made for the benefit of another. The contract in this case nowhere mentions who the members of the Vashon Fruit Union were. Whether this corporation had capital stock, or was a nonstock company, does not appear. There is nothing to show in what manner the relation between the Vashon Fruit Union and its members may be evidenced. The contract between the Vashon Fruit Union and Godwin & Company provided that the latter would become the *del credere* agent for the Union and all of its members. Under this contract, the members of the Union delivered their product directly to Godwin & Company. The latter was required to report to the individual shipper, keep a separate account for him, and remit the proceeds directly to him. So far as the individual members of the Union were

concerned, the contract required that Godwin & Company would deal with them directly in shipping their berry crop for the year mentioned. This is not a situation where a contract is made by one person on behalf of another and the dealings in pursuance of the contract are carried on with or through an agent. Under the contract, the Vashon Fruit Union had no authority to collect the sums of money due the various members. There is no evidence that the members of the Union not made parties to the action at any time authorized or acquiesced in the bringing of the suit. Had judgment been entered for the amount of the commissions retained but owing to the members of the Union not parties to the action, it could hardly be said that the suit would be *res judicata* as far as they are concerned. If such a judgment were entered, it could be collected and satisfied by the Vashon Fruit Union alone, without any specification in the judgment how or to whom the money collected should be disbursed.

Among the cases cited and relied upon by the Union in support of its contention are the following: *Steamboat Co. v. Atkins & Co.*, 22 Pa. St. 522; *Whitman & Co. v. Namquit Worsted Co.*, 206 Fed. 549; *Rogers v. Gosnell*, 51 Mo. 466. In the *Steamboat Company* case, it was held that the agent had such an interest in the goods damaged as to entitle him to maintain the action. It was there said:

"The whole damages were properly recoverable in this action, particularly as the owners of the general property were parties to the record, and are precluded from further claim."

In the *Whitman & Co.* case, the action was permitted to be maintained by a sales agent. It was there said:

"From this I think can be drawn a permissible inference that the present suit is not brought without the knowledge and acquiescence of the Arlington Mills."

The facts in the present case distinguish it from these cases, in that here the parties for whose benefit it is claimed the Union can recover are neither parties to the action, nor

does the record show that they have authorized or acquiesced in the bringing of the action.

In the *Rogers* case, which is referred to in the brief of the plaintiffs as being on "all fours" with the present case, a contract for the sale of real estate provided that a definite sum should be paid to a broker as commission. Thereafter, this payment not being made, the brokers who were not parties to the contract, but who were named therein as entitled to the commission, brought the action in their own names. In that case the parties for whose benefit the contract was made were named in the contract, and, as already stated, the action was not brought in the name of the agent, but in their names. That case does not reach the facts here presented. The other cases cited are less closely analogous to this case than are those referred to. We are, therefore, of the opinion that the trial court ruled correctly in requiring the members of the Union to be made parties, and that the Vashon Fruit Union could only recover for the two cents per crate due it.

It is also claimed that the Vashon Fruit Union alone, or the other plaintiffs with it, could sue for all the members of the Union, because the question was one of common or general interest. This claim is founded on Rem. & Bal. Code, § 190 (P. C. 81 § 29), where it is provided that

"When the question is one of common or general interest to many persons, or where the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

As supporting the right to maintain the action under this section of the statute, the case of *Clay v. Selah Valley Irr. Co.*, 14 Wash. 543, 45 Pac. 141, is cited. In that case, the Selah Valley Irrigation Company had issued 300 bonds of $500 each. The property of the Irrigation Company was conveyed to a trustee as security for the bonds. The action was brought by the plaintiff, who owned a considerable number of the bonds. The other bond holders were not made

parties.   The action was for the purpose of securing the appointment of a receiver and foreclosing the trust deed.   It was there held that the action could be maintained by the plaintiff on the part of the bond holders even though the other holders of bonds were not parties to the action.   It was said that the question there was of common and general interest to many persons, and it was impracticable to bring them all before the court.   A receiver having been appointed in that case, whatever funds would be realized upon the foreclosure of the trust deed would come into the custody of the court and would be distributed by it as the law provides in such cases.   In this case, if the Vashon Fruit Union, or the other parties who were plaintiffs, were permitted to obtain a judgment in their favor for the amount which would be due the members of the Union who were not made parties, the total amount of the judgment could be collected and the judgment satisfied by the parties to the action.

Some other contentions of minor importance are made which it is not necessary here to review in detail.   After a careful consideration of the entire record, we are satisfied that the trial court reached the right result.

The judgment will be affirmed.

MORRIS, C. J., FULLERTON, and ELLIS, JJ., concur.