JOSEPH W. MONTEITH, APPELLANT AND CROSS-APPELLEE, V. ALPHA HIGH SCHOOL DISTRICT OF CHASE COUNTY ET AL., APPELLEES AND CROSS-APPELLANTS.

FILED DECEMBER 13, 1933. No. 28698.

[redacted]

*Scott & Scott,* for appellant.

*Hastings & Hastings, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CARTER and REDICK, District Judges.

CARTER, District Judge.

In this case, the plaintiff commenced an action in the district court for Chase county for himself and on behalf of all other taxpayers similarly situated against the Alpha High School District of Chase county, together with the chairman, clerk and treasurer of said district and the county treasurer of Chase county, alleging that on June 14, 1926, the voters of said district attempted to vote a two mill levy for a "building fund;" that said purported levy was certified to the county clerk with a request that the levy be made; that said levy was subsequently made and that the sum of $15.10 was assessed against plaintiff's property in the year 1926, and which he paid in 1927, and for which he prays judgment in his first cause of action; that the sum of $15.15 was assessed against plaintiff's property in the year 1927, and which he paid in 1928, and for which he prays for judgment on his second cause of action; that the sum of $15.20 was assessed against plaintiff's land in the year 1928, and which he paid in 1929, and for which he prays judgment on his third cause of action. Plaintiff further alleges that there are more than 200 persons owning lands in the Alpha High School District and more than 200 tracts on which the void taxes were levied in each of the years 1926, 1927, and 1928; that on June 24, 1932, plaintiff made demands for the return of his taxes from the treasurer of the Alpha High School District and the county treasurer of Chase county, which were refused. Plaintiff alleges that $1,000 of the moneys collected as a "building fund" have been paid to

the treasurer of the school district by the county treasurer and that there is on hand in the county treasurer's office $3,590.30 of said funds. All of the above facts were stipulated as true by the parties to the suit. It appears, also, that no levy for 1929 and the years following was made, for the reason that the levy was successfully enjoined as being void. The prayer of the petition on each cause of action was the same, except for the change of date and amount of tax sought to be recovered, and as to the first cause was as follows:

"Plaintiff therefore prays that an accounting be had and taken of the matters complained of in plaintiff's first cause of action; that the amount of building fund taxes so paid by plaintiff on account of the pretended levy of 1926 be determined; that the amount of building fund taxes so paid by each and every taxpayer of said Alpha High School District on account of the pretended levy of 1926 be determined; that the amount of commission allowed by law to the county treasurer of Chase county, Nebraska, for collecting said taxes be determined; that the amount of said building fund taxes levied, assessed and collected on the alleged levy of 1926 that has lawfully been expended, and the amount thereof that lawfully remains in the hands of the county treasurer of Chase county, Nebraska, accredited to said Alpha High School District, and the amount now lawfully in the hands of the treasurer of said district be determined; that the said county treasurer and the said school district treasurer be required to account for all such funds by them collected, less commissions allowed by law, and less sums lawfully expended by them, and that it be adjudged and decreed that the balance of said alleged building fund be repaid and refunded to the persons and taxpayers who paid in the same in proportion, as the amount so paid in bears to the amount now remaining in the hands of said county and district treasurer, and for such other and further relief as equity may require."

The trial court sustained demurrers to the first two

causes of action on the theory that they were barred by the statute of limitations, and entered a judgment for plaintiff on the third cause in the sum of $15.20 with interest at 7 per cent. per annum, each party to pay his own costs. Plaintiff having elected to stand on his petition as to the first two causes of action, each was dismissed by the trial court. All parties filed motions for a new trial, from the overruling of which each gave notice of appeal.

It is admitted that the Alpha High School District was organized under the provisions of article 8, ch. 79, Comp. St. 1929, which provides that the annual school meeting of such rural high school district shall be held on the first Monday of June of each year. In the year the levy was made, the annual meeting was held on the second Monday in June. That the levy made on the second Monday of June was void, there can be no question. *Howard v. Jensen,* 117 Neb. 102.

The question first raised is whether a taxpayer may maintain a suit to recover back void taxes for himself and others similarly situated. Granting, for the sake of argument only, that a taxpayer could maintain the suit in his own behalf, yet we are of the opinion that it could not be maintained for the benefit of others. "A suit to recover back is quite different in the grounds upon which a recovery can be had, from a suit to enjoin a tax. In the latter case, each is not only interested in the question involved, but a judgment may be rendered in favor of all as a class, upon substantially the same case, and terminate the litigation. Not so in an action to recover back money paid under duress. In such case the judgment must not only be for each according to the amount due him, but must depend upon whether each as an individual paid voluntarily or involuntarily." *Trustees v. Thoman,* 51 Ohio St. 285.

It is further contended by the plaintiff that he can maintain the suit for others similarly situated to avoid a multiplicity of suits. We do not think that this rule has

any application to the case at bar. "The rights of the plaintiffs, as against the defendants, are purely legal, and wholly separate and distinct. * * * Each plaintiff is demanding a separate judgment against the defendants for the amount of his individual claim, the granting or refusal of which does not depend upon the rights of his coplaintiffs, any further than it grows out of the same transaction, and perhaps involves the same questions of law and similar facts." *Van Auken v. Dammeier*, 27 Or. 150. In the case last above cited, the court in its opinion says further: "Where the rights of the several plaintiffs are purely legal, and in themselves perfectly distinct, so that each party's case depends upon its own peculiar circumstances, and the relief demanded is a separate money judgment in favor of each plaintiff and against the defendant, there is no 'practical necessity' for the interposition of a court of equity, and we can find no authority for holding that it will assume jurisdiction simply because the parties are numerous." We believe this statement of the law to be sound and therefore conclude that the trial court was right in adjudging that none of the causes of action of the petition states facts sufficient to justify any recovery by the plaintiff on behalf of other taxpayers similarly situated.

There is no evidence in the record to the effect that any of the taxes were paid involuntarily. They were paid by the persons assessed more than three years prior to the date that demands were made for their return. The law is settled in this state that where a person assessed, voluntarily and without compulsion, pays taxes, they cannot be recovered back in an action at law unless there is some constitutional or statutory provision expressly or impliedly giving the taxpayer such right. The only statute applicable to this case is section 77-1923, Comp. St. 1929, but it provides as a condition precedent to the maintaining of the action that a demand in writing must be made within 30 days after the payment of the taxes. Demand in this case was not made for more than three

years after the taxes were voluntarily paid. This clearly was not a substantial compliance with the statute. The statute of limitations commences to run upon the payment of the taxes. The fact that the assessment was void and was not discovered for three years cannot change the rule. In the case of *Welton v. Merrick County,* 16 Neb. 83, Judge Maxwell speaking for the court says: "Even if a cause of action had existed in favor of the plaintiff upon the payment of the taxes in controversy, it was barred by the statute of limitations. If a party with ordinary care and attention could have detected even fraud; he will be charged with actual knowledge of it; that is, the mere fact that a party is not aware of the existence of certain matters, where there is no concealment, will not prevent the running of the statute of limitations." We are obliged to hold, therefore, that when plaintiff failed to demand repayment within 30 days from the date of payment of the taxes claimed to be void, in accordance with section 77-1923, Comp. St. 1929, he was forever barred.

The appellant relies on the case of *Haarmann Vinegar & Pickle Co. v. Douglas County,* 122 Neb. 643, to sustain his case. It was held in that case: "If a tax has been levied that is absolutely void and has been paid, though voluntarily, the amount thereof may be recovered in an action for that purpose." The writer of that opinion cites the case of *Wilson v. Butler County,* 26 Neb. 676, to support that proposition. That case holds that the purchaser of a tax sale certificate will be permitted to recover where the taxes were held to be void because the lands were not subject to taxation. This is not the rule to be applied where the person assessed pays a void tax voluntarily and fails to follow the statute that makes provision for its recovery. In examining the case of *Wilson v. Butler County,* above cited, we find the following statement of the law in the opinion, which in our judgment is the correct rule: "The case is entirely different from that of a taxpayer who voluntarily pays a questionable tax without objection. In such case there

can be no recovery because the party waives the objection by deliberately paying the amount claimed. He may have an object in this. The questionable tax may be of general benefit to the taxpayers of the county by reason of some great work of a public nature, the effect of constructing which would be to enhance the value of all the property within the county and add largely to its revenues. Or it may be that the tax in itself is just, although subject to attack from a legal standpoint. In either case the taxpayer who voluntarily pays the amount charged against his property thereby in effect admits its validity, and ordinarily cannot recover it back. The law for the protection of tax purchasers, however, is designed as an inducement to those who may purchase real estate upon which taxes are delinquent, by guaranteeing to them at least a repayment of the purchase price and interest, in case the title to the property and lien of the tax thereon fail from any cause." It is clear therefore that the above quoted case is not authority for the general rule quoted from the case of *Haarmann Vinegar & Pickle Co. v. Douglas County*, above cited, except in so far as it would apply to suits brought by the owners of tax certificates where the lien of the tax has failed from any cause. The rule quoted herein from *Haarmann Vinegar & Pickle Co. v. Douglas County* is not the true rule adopted by this court in so far as it conflicts with the rule that where a tax has been levied that is absolutely void, and has been paid voluntarily by the person assessed, the amount thereof may not be recovered back in the absence of a statute permitting it.

The suggestion was made that if the Alpha High School District was not entitled to the money it cannot complain of the judgment entered by the trial court. It is, however, a fundamental principle in the law of recovery that a defendant's possession of a thing cannot be disturbed by one who fails to show a better right.

We therefore hold that plaintiff's petition failed to state a cause of action on any of the causes therein set out.

The trial court was right in sustaining the demurrers to and dismissing the first and second causes of action, but was in error in not sustaining the demurrer to the third cause of action and dismissing it. The judgment entered by the trial court on the third cause of action is reversed and said third cause of action is hereby dismissed at plaintiff's costs.

AFFIRMED IN PART, AND REVERSED IN PART, AND ACTION DISMISSED.