STATE OF NEBRASKA EX REL. ERNEST B. SAMPSON ET AL., APPELLANTS, v. JAMES A. KENNY, COUNTY TREASURER, APPELLEE, CITY OF BELLEVUE, INTERVENER-APPELLEE.

175 N. W. 2d 5

Filed February 27, 1970. No. 37355.

Eugene T. Atkinson of Atkinson & Kelly, for appellants.

John E. Rice and Dixon G. Adams, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The question presented in this case is whether the relators have the legal capacity to join all of the taxpayers similarly situated in a class action for mandamus against the county treasurer. On failure to further plead, the district court sustained a demurrer and dismissed the action. We affirm the judgment of the district court.

The petition in this case purports to be a class action for mandamus. The relators herein seek a district court order requiring the county treasurer to refund taxes to all taxpayers having the right to file claim for refund of taxes illegally collected and disbursed. The county treasurer's duties are defined in the provisions of our tax refund statutes. § 77-1734, R. R. S. 1943, et seq. The petition alleges that relators are owners of property which was annexed to the City of Bellevue in 1965. Subsequently, on June 30, 1967, this annexation was declared invalid by the decree of the district court for Sarpy County, Nebraska, and the tax levied by the City of Bellevue under the invalid annexation was declared illegal and void. The relators filed their claim under the refund statutes with the county treasurer and the county treasurer refused to act upon their application. In this petition the relators seek to join all other taxpayers having the right to file a claim for refund of the illegal taxes collected and disbursed. The relators ask in their petition that the court make provisions for paying the claims for refund to all persons situated in the areas described in their petition, and for such other different relief as justice and equity may require. No issue is presented here as to the right to maintain an individual mandamus action against the county treasurer. The petition itself and relators, by precise statement in their brief, narrow the issue to the determination of whether they may maintain this class action on the be-

half of all other taxpayers for the recovery of the refunds due to each one individually.

This precise question has been decided by our court. We have held that a taxpayer cannot maintain a class action to recover back void taxes. In the case of Monteith v. Alpha High School Dist., 125 Neb. 665, 251 N. W. 661, this court aptly stated the holding and the reasons for it in the following language: " 'A suit to recover back is quite different in the grounds upon which a recovery can be had from a suit to enjoin a tax. In the latter case, each is not only interested in the question involved, but a judgment may be rendered in favor of all as a class, upon substantially the same case, and terminate the litigation. Not so in an action to recover back money paid under duress. In such case the judgment must not only be for each according to the amount due him, but must depend upon whether each as an individual paid voluntarily or involuntarily.' "

The reasoning in the above opinion can be well illustrated in the procedural difficulties in maintaining a class action involved in this case. Without attempting to describe all of the procedural difficulties and confusion that would be accomplished by attempting to judicially control in a class action the ministerial actions of a county treasurer in this situation, we shall point out a few of the difficulties involved. The refund statute provides for the refund to be paid to the person paying such tax. This petition joins all taxpayers. Can a person who has purchased real property subsequent to the illegal levy and who did not pay the tax recover such refund? The statute requires that the claim for refund be filed by the person or his agent or authorized representative with the county treasurer. It is clearly the policy of the Legislature in setting up a refund statute to require individual action. Taxes ordinarily paid under a mistake of law are not recoverable, and the refund statute gives special relief in this situation. The county treasurer's duty arises only on a taxpayer's individual

application. The Legislature is authorized and may properly, on considerations of public policy, require individual applications and it is not mere speculation to suggest that this requirement is related to the security of the public treasury. The law (§ 77-1736.04, R. S. Supp., 1967) also provides for a determination and certification by the county board individually of the legality and validity of a refund. This is an individual determination and we feel it could not be properly maintained within the jurisdictional limits and effective judicial capacity of a court in a class action. While in form the action purports to be directed at the enforcement of the ministerial function by the county treasurer, the enforcement of a judgment in such a case would or might involve judicial control, interference with, and usurpation of the ministerial functions of a statutory officer.

We further observe that because of the peculiarly individual requirements of the refund statute that relators' petition and the relief they ask therein runs counter to the principle announced in Archer v. Musick, 147 Neb. 344, 23 N. W. 2d 323, reversed on other grounds, 147 Neb. 1018, 25 N. W. 2d 908. In that case it was stated as follows: "An action may not be maintained as a class action by a plaintiff in behalf of himself and others unless he has the power as a member of the class to satisfy a judgment in behalf of all members of the class. Vashon Fruit Union v. J. W. Godwin & Co., 87 Wash. 384, 151 P. 797 * * *."

It is true, as the cases hold generally, that a court has considerable discretion in permitting the filing of a class action in order to finally determine issues that present a common question and to prevent a multiplicity of suits. This question in the last analysis involves a balancing of conflicting considerations involved. We do not depart from the holdings of Monteith v. Alpha High School Dist., *supra,* and Archer v. Musick, *supra.*

The judgment of the district court sustaining the demurrer dismissing the action is correct and is affirmed.

AFFIRMED.