WESLEY F. HANSEN, APPELLEE, V. COUNTY OF LINCOLN, NEBRASKA, ET AL., APPELLANTS.

197 N. W. 2d 651

Filed May 12, 1972. No. 38355.

W. R. Mullikin and Richard P. Myers, for appellants.

Jack North and August Ross, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and WARREN, District Judge.

CLINTON, J.

This case is a class action by a taxpayer to have declared null and void a portion of the tax levied against rural lands in Lincoln County, Nebraska, for the year 1970 and to have the allegedly illegal portion of the tax refunded to the individuals who paid the same. The trial court declared void the portion of the tax as prayed for and retained jurisdiction for the apparent purpose of supervising refunds. We affirm the part of the decree declaring the portion of the tax increase void and reverse the remainder of the decree.

This case is a sequel to County of Sioux v. State Board of Equalization & Assessment, 185 Neb. 741, 178 N. W. 2d 754. The task with which we are now confronted is a distinctly unpleasant one because the problem itself, at first blush, appears to defy both reasonable analysis and reasonable result primarily because it involves a situation for which the statutes made no provision and because it is not clearly evident that any real benefit will accrue to the taxpayers, and the decision which we make clearly adds to the burden of the officials administering the tax laws.

In 1969 the State Board of Equalization and Assessment, acting apparently pursuant to the provisions of L. B. 391, Laws 1969, c. 628, § 1, p. 2528, now section 77-508.01, R. R. S. 1943, ordered after hearing a 50 percent increase, among others, in the valuation of rural lands in Lincoln County, Nebraska. This increase was certified to the county assessor of Lincoln County on August 18, 1969. The county officials acquiesced in the order and prepared their tax valuations for 1969 accordingly, but a taxpayer, Wesley F. Hansen, the plaintiff in the present case, appealed. This court on

July 17, 1970, rendered its decision voiding the increase in valuations on "rural lands."

The problem here arises because before the final decision of this court on July 17, 1970, the county assessor had pursuant to the provisions of section 77-1315, R. R. S. 1943, completed his assessment rolls and certified them to the county clerk, presumably before April 1 as required by the statute just mentioned. Section 77-1315, R. R. S. 1943, requires that: "The county assessor shall before such filing, notify the record owner of every piece of real estate which has been assessed at a higher figure than at the last previous assessment." The statute requires that the notice describe the real estate, state the old and new valuations, and give the date of the convening of the county board of equalization.

The assessor gave no notice to the complaining taxpayer or others similarly situated and in defense of his position asserts that the valuations being used were not an increase over those used for the preceding year as shown by the prior year's assessment rolls as increased by the order of the State Board of Equalization and Assessment, and that there is no requirement in the statutes that notice be given to any taxpayer of any increase in the valuation of any class of property made by the State Board of Equalization and Assessment.

Plaintiff relies upon the provision of section 77-1315, R. R. S. 1943, requiring a notice to the taxpayer where his property "has been assessed at a higher figure than at the last previous assessment." We hold that this provision pertains, obviously it seems to us, only to individual valuation changes made by the assessor. It does not and was not intended to apply to changes in classes of property or percentages which were over a whole taxing district made by the State Board of Equalization and Assessment. Nor do the constitutional requirements of due process make such notice mandatory.

Frye v. Haas, 182 Neb. 73, 152 N. W. 2d 121.

At the time the 1970 assessment was made, the 1969 valuation remained as an increase by the State Board of Equalization and Assessment. At that time both the taxing officials and the taxpayer knew that the 1969 valuation was then under attack in County of Sioux v. State Board of Equalization & Assessment, *supra*. Did the assessor under the circumstances have the duty to anticipate a result adverse to the valuation increase and therefore have a duty to give a provisional notice under section 77-1315, R. R. S. 1943, because a declaration of the invalidity of the 1969 increase would make its use by the assessor in 1970 his increase to which section 77-1315, R. R. S. 1943, would apply? Alternatively, if he had no such duty to anticipate the declaration of the invalidity did he have a duty after July 17, 1970, to restore the 1969 valuations? Even though the notice provisions of section 77-1315, R. R. S. 1943, were not applicable, it nevertheless seems clear that under the provisions of section 77-1311, R. R. S. 1943, the assessor had a duty to make the necessary valuation corrections. Section 77-1311, R. R. S. 1943, in part provides that the county assessor shall "annually revise the real estate assessment for the correction of errors and . . . shall have general supervision over and direction of the assessment of all property." These provisions clearly gave him the authority to make the reduction in valuations after July 17, 1970, when the valuations involved became erroneous because of the decision of this court in the parent case. The evidence establishes that the change could have been accomplished before the levy date. That part of the order of the trial court declaring null and void the part of the 1970 tax attributable to the 50 percent increase of valuation of "rural lands" in Lincoln County ordered by the State Board of Equalization and Assessment for 1969 is correct and is affirmed.

In passing we call attention to the fact that the Leg-

islature in 1971 made provision authorizing the county board of equalization to make percentage increases in classes or subclasses of property after completion of equalization of individual parcels. § 77-1506.02, R. R. S. 1943. The notice provisions under that statute would have been broad enough to cover the situation which arose here had they then been available.

The prayer of the plaintiff's petition, in addition to asking for a declaration of the nullity of the 50 percent valuation increase, asked that "so much of said tax as is the result of the increase in valuation be . . . ordered refunded to the individuals who paid the same, and for such other and further relief as equity may require." The court in its decree not only declared the valuation increase void, but ordered certain unspecified legal subdivisions, presumably school and other districts who were not parties to this action, to levy sufficient taxes to make refunds or give credits, "less the proportionate cost of this proceeding." The court also retained jurisdiction "for the purpose of entering such orders as may be necessary to implement the Decree entered herein."

We hold that all that portion of the court's decree other than the part declaring null and void that part of the 1970 tax attributable to the 50 percent increase in valuation of "rural lands" in Lincoln County ordered by the State Board of Equalization and Assessment for 1969 is erroneous and is vacated.

It has long been the law of this state that a suit cannot be maintained by one taxpayer on behalf of himself and others similarly situated to recover back taxes alleged to have been illegally assessed. In such case each must bring an action on his own behalf. Monteith v. Alpha High School Dist., 125 Neb. 665, 251 N. W. 661; State ex rel. Sampson v. Kenny, 185 Neb. 230, 175 N. W. 2d 5. The reason given in these cases is that generally an action cannot be maintained as a class action by a plaintiff on behalf of himself and others

unless he has the power as a member of the class to satisfy a judgment on behalf of all members of the class. This the plaintiff here cannot do insofar as refunds or tax credits are concerned. Further, it would appear that the refund and credit procedures provided by section 77-1736.04, R. R. S. 1943, are exclusive and do not contemplate supervision by the court.

Costs are taxed to the plaintiff.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.