RICHARD N. GATES AND BETTY B. GATES, APPELLANTS, v. SAM J. HOWELL, TREASURER OF DOUGLAS COUNTY, ET AL., APPELLEES.

317 N.W.2d 772

Filed April 2, 1982. No. 43753.

J. Patrick Green and Bruce H. Abrahamson of Gunderson, Abrahamson, Borchers & Grewe, for appellants.

Donald L. Knowles, Douglas County Attorney, and Rockford G. Meyer, Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

Like too many cases coming before this court, this case makes its second appearance before us. In 1978 the appellants filed suit in the District Court for Douglas County, Nebraska, seeking to have the provisions of Neb. Rev. Stat. §§ 77-1238 to 77-1241 (Reissue 1976), insofar as they applied to appellants' mobile home, declared to be in violation of Neb. Const. art. VIII, § 1. The basis of that suit was that the questioned statutes improperly defined a mobile home as a motor vehicle and it was thereby unlawfully assessed. The trial court held that the statute was not in violation of the Constitution and the parties appealed to this court. On appeal, we agreed

with the appellants and specifically found that mobile homes were not motor vehicles and therefore could not be taxed as motor vehicles but, rather, must be taxed as personal property. See *Gates v. Howell,* 204 Neb. 256, 282 N.W.2d 22 (1979) (Gates I). We thought our opinion was clear and to the point. We said at page 258, 282 N.W.2d at 23: "While the problem involved in this appeal is of extreme importance, the resolution of the question is not necessarily complicated. Unless we can find and declare that a 'mobile home' is in fact a 'motor vehicle,' the Legislature is prohibited from taxing a mobile home in the same manner as a motor vehicle and different than all other personal property." We concluded that a mobile home was not a motor vehicle, and said at 264, 282 N.W.2d at 26: "For that reason we must find and determine that the provisions of sections 77-1238 through 77-1242.02, insofar as they include mobile homes within the definition of motor vehicles, are void and unenforceable." We then said at 266, 282 N.W.2d at 27: "The judgment of the trial court, therefore, is reversed and the cause remanded with directions to enter a judgment in accordance with this opinion." On October 29, 1979, our mandate in the above-entitled action was entered and on December 11, 1979, the appellees filed a motion seeking to have a judgment on the mandate entered by the trial court.

On February 1, 1980, the appellants filed a document entitled "Application," wherein they sought to obtain an order from the trial court regarding matters not determined by our opinion and beyond the issues covered by our opinion. In effect, the appellants sought to reopen the case and to seek further relief from the trial court in excess of that encompassed by our opinion in Gates I. The trial court thereafter entered a "judgment order" which in effect followed the mandate of this court. The appellants have now appealed to this court, maintaining

that the trial court erred in not providing all of the relief which they requested following our opinion in Gates I. They further maintain that the trial court erred in not allowing Gates an attorney fee for having obtained a benefit upon a class of persons, and, finally, they maintain that the court should have retained jurisdiction over the "fund" created by this action in order to determine the various tax obligations of the members of the class and to supervise the refund to the parties affected by the judgment. We believe that the trial court was correct in all respects and affirm the judgment of the trial court on the mandate.

Our opinion in Gates I did not grant to Gates a new trial. It reversed the action of the trial court and specifically determined that the provisions of the statutes questioned did not apply to owners of mobile homes. Our opinion was limited to that matter, and we said at 258, 282 N.W.2d at 23: "Therefore, such structure [mobile home] may not be taxed as a motor vehicle due to the fact that such method of taxation results in the mobile home being taxed nonuniformly and disproportionately to all other personal property. Because of that determination, we need not consider other assignments of error raised by the plaintiffs." We specifically directed the trial court to enter a judgment in accordance with our opinion. In such a case, the trial court has no discretion.

In *Jurgensen v. Ainscow,* 160 Neb. 208, 211, 69 N.W.2d 856, 858 (1955), we said: " " 'When a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of this court, its merits determined, and then remanded with specific directions, the

court to which such mandate is directed has no power to do anything but to obey the mandate; otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of that authority over inferior tribunals with which it is invested by our fundamental law. * * * Rights which may have accrued since the rendition of the original judgment, not in issue in the action in which it was rendered, are not adjudicated therein, but the trial court has no power to open or interfere with the judgment of this court in order to settle such rights. If, since the original judgment, something has occurred which would render it inequitable to carry the judgment this court has directed into execution, resort must be had to some form of original proceeding by which appropriate relief can be secured. It cannot be done by way of defense to the entry of the judgment we have directed.' "

And further in *Jurgensen, supra* at 212, 69 N.W.2d at 858, we said: " 'Where the appellate court remands a cause with directions to enter judgment for the plaintiff in a certain amount, the judgment of the appellate court is a final judgment in the cause and the entry thereof in the lower court is a purely ministerial act. No modification of the judgment so directed can be made, nor may any provision be engrafted on, or taken from it. That order is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by it can have any effect, even though it may be such as the appellate court ought to have directed.' " To the same effect, see *Marksbury & Washington v. Board of Education,* 199 Neb. 283, 258 N.W.2d 242 (1977); *Plischke v. Jameson,* 181 Neb. 887, 152 N.W.2d 119 (1967).

The difficulty with the additional relief sought by the appellants is in part made clear by appellants' own brief. Appellants argue in their brief, in part, as follows: "It has come to the attention of Plain-

tiffs that Defendant Frank W. Bemis, Assessor of Douglas County, Nebraska, has gone back and re-taxed Plaintiffs' mobile homes for the tax years 1978 and 1979 apparently on the theory that Plaintiffs' mobile homes were omitted property during said period and subject to taxation as such.''

How that matter has come to the attention of appellants, or, more importantly, how that matter may lawfully come to the attention of the court, absent the introduction of evidence, is difficult, if not impossible, to understand. That is the reason that a case, once litigated and directed back to the trial court only for the purpose of entering a judgment on the mandate in accordance with the opinion of the court, is not open to further litigation. If appellants have some further cause of action arising by reason of our decision in Gates I, they must, like all others, file a lawsuit and present evidence. They may not, however, simply extend their request for relief beyond that which was initially determined by this court. The trial court was correct in refusing to grant such additional relief.

Appellants further argue that they are entitled to an attorney fee in this case because they have conferred a benefit upon a confined class of persons and the court has available to it a mechanism for shifting the costs of litigation to the benefited class. While the action of the appellants in this case may have been indeed meritorious, though one is unable to tell for certain, that alone does not entitle the appellants to an attorney fee. In *State ex rel. Ebke v. Board of Educational Lands & Funds,* 159 Neb. 79, 96-97, 65 N.W.2d 392, 402 (1954), we said: ''It is the practice in this state to allow the recovery of attorney's fees and expenses only in such cases as are provided for by statute, or where the uniform course of procedure has been to allow such recovery.'' Clearly, in this instance there is no statute which provides for the allowance of an attorney fee, and

therefore appellants are entitled to an attorney fee only if there has been a uniform course of procedure to allow such recovery. We are unable to find such course, and in the case of *Hansen v. County of Lincoln,* 188 Neb. 461, 197 N.W.2d 651 (1972), we held contrary to appellants' position. In *Hansen* a taxpayer brought a class action to have declared null and void a tax levied against rural lands and to have the illegal tax refunded to the individuals who paid the tax. We said in *Hansen, supra* at 465-66, 197 N.W.2d at 655: "It has long been the law of this state that a suit cannot be maintained by one taxpayer on behalf of himself and others similarly situated to recover back taxes alleged to have been illegally assessed. In such case each must bring an action on his own behalf. Monteith v. Alpha High School Dist., 125 Neb. 665, 251 N.W. 661; State ex rel. Sampson v. Kenny, 185 Neb. 230, 175 N.W.2d 5. The reason given in these cases is that generally an action cannot be maintained as a class action by a plaintiff on behalf of himself and others unless he has the power as a member of the class to satisfy a judgment on behalf of all members of the class. This the plaintiff here cannot do insofar as refunds or tax credits are concerned. Further, it would appear that the refund and credit procedures provided by section 77-1736.04, R.R.S. 1943, are exclusive and do not contemplate supervision by the court." There was no fund created by reason of our decision in Gates I; merely a declaration as to the invalidity of the statute. There is simply no basis upon which an award of attorney fees could be allowed. The trial court was likewise correct in so holding. The judgment of the trial court is in all respects affirmed.

AFFIRMED.