Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/24/2017 09:08 AM CST

- 933 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
MERIE B. ON BEHALF OF BRAYDEN O. v. STATE
Cite as 295 Neb. 933

Merie B. on behalf of Brayden O., appellee, v.
State of Nebraska Department of Health and
Human Services and Vivianne M. Chaumont,
director of Division of Medicaid and Long
Term Care, Department of Health and
Human Services, appellants.

___ N.W.2d ___

Filed February 24, 2017.    No. S-16-437.

1. **Judgments: Appeal and Error.** The construction of a mandate issued by an appellate court presents a question of law reviewed independently of the lower court's conclusion.
2. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.
3. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
4. **Courts: Appeal and Error.** After receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court.
5. ____: ____. A party may not extend his or her request for relief beyond that which was initially determined by an appellate court.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Reversed and remanded with directions.

Douglas J. Peterson, Attorney General, and Ryan S. Post for appellants.

- 934 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
295 NEBRASKA REPORTS
MERIE B. ON BEHALF OF BRAYDEN O. v. STATE
Cite as 295 Neb. 933

Terrance A. Poppe, Andrew K. Joyce, and Annie E. Brown, Senior Certified Law Student, for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, KELCH, and FUNKE, JJ.

KELCH, J.

## NATURE OF CASE

Merie B. initiated this action on behalf of her disabled daughter, Brayden O., after the Nebraska Department of Health and Human Services (DHHS) determined that Brayden was no longer eligible for home and community-based waiver services. Merie appealed to the district court for Lancaster County, which affirmed the determination made by DHHS. In a prior appeal to this court, we reversed the district court's judgment and remanded the cause with directions that the district court order DHHS to reinstate waiver services to Brayden, effective as of the date services were originally terminated.

Upon remand, Merie requested reimbursement for expenses she incurred due to the wrongful termination of Brayden's services, as well as attorney fees. The district court granted Merie's request and entered judgment against DHHS in the amount of $76,260.48. DHHS and the director of its Medicaid and long-term-care division now appeal from the district court's judgment.

## BACKGROUND

Merie is the mother of Brayden, who suffers from Coffin-Lowry Syndrome. Brayden, who was 17 years old at the time of the court's hearing in this case, has the cognitive awareness of a 4- or 5-year-old child and requires constant supervision. In addition, Brayden has a seizure disorder, a heart disorder, and a myriad of neurological deficiencies, as well as vision and hearing deficits. Due to her disabilities, Brayden had been receiving home and community-based waiver services

- 935 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
295 NEBRASKA REPORTS
MERIE B. ON BEHALF OF BRAYDEN O. v. STATE
Cite as 295 Neb. 933

through the Medicaid division of DHHS since approximately 2001. However, on November 11, 2012, Brayden's services were terminated after DHHS reassessed her condition and determined that she no longer met the necessary qualifications for such services. Merie appealed DHHS' determination, which was affirmed following an administrative appeal hearing.

Merie then filed a petition for review under Nebraska's Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 2008 & Cum. Supp. 2012), in the district court for Lancaster County. The district court affirmed DHHS' determination that Brayden no longer qualified for waiver services. On appeal to this court, in *Merie B. on behalf of Brayden O. v. State* (*Merie B. I*),[1] we reversed the district court's judgment and remanded the cause with directions that the district court order DHHS to reinstate waiver services to Brayden, effective November 11, 2012.

Upon remand, Merie filed a "Motion to Determine Expenses" in the district court. She requested an award in the amount of $65,394.28 for reasonable and necessary childcare expenses that were incurred due to the wrongful termination of Brayden's services by DHHS. A hearing was held on the motion, during which Merie testified regarding the expenses she incurred while Brayden's services were terminated, including daycare expenses of $45,349.26, health insurance premiums totaling $15,477.01, and out-of-pocket medical expenses of $2,233.96. DHHS objected to the presentation of any evidence regarding Merie's request for payment of health insurance premiums on the bases that it was not contested at the agency level and was outside the scope of the initial petition for review. The district court overruled DHHS' objections and allowed the testimony.

---

[1] See *Merie B. on behalf of Brayden O. v. State*, 290 Neb. 919, 863 N.W.2d 171 (2015).

- 936 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
MERIE B. ON BEHALF OF BRAYDEN O. v. STATE
Cite as 295 Neb. 933

Merie testified that Brayden's health insurance premiums had previously been paid by DHHS through the "Health Insurance Premium Payment" (HIPP) program. After Merie received notice from DHHS that Brayden's waiver services were being terminated, she received a separate notice that Brayden was being terminated from the HIPP program as well. Merie acknowledged that she did not appeal Brayden's termination from the HIPP program, because her understanding was that Brayden's termination from waiver services rendered her ineligible for HIPP.

Merie further testified that she had not yet been reimbursed for any expenses since our mandate was issued in August 2015. DHHS acknowledged that it owed Merie for childcare expenses and out-of-pocket medical expenses, but objected to paying for the health insurance premiums because Merie did not appeal Brayden's termination from the HIPP program. As for the childcare expenses, DHHS indicated that it would take time to arrange those payments due to the administrative process required by Medicaid. It explained that federal Medicaid regulations did not allow DHHS to issue payments to recipients. Instead, each daycare provider must apply to be approved through the Medicaid system and then submit billing statements to DHHS, after which submission DHHS would remit payment directly to the providers. At that point, Merie would have to seek reimbursement from the providers for the amounts she had previously paid.

The district court agreed with DHHS that the HIPP expenses were not part of the underlying administrative action or the petition for review before the district court, nor was it addressed on appeal to this court. Nonetheless, it found that the health insurance premiums paid by Merie should be reimbursed by DHHS, because the denial of HIPP benefits would not have occurred but for DHHS' improper termination of Brayden's waiver services. It found that our opinion required Brayden to be placed in the same position she would have been had the waiver services not been improperly terminated,

- 937 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
295 NEBRASKA REPORTS
MERIE B. ON BEHALF OF BRAYDEN O. v. STATE
Cite as 295 Neb. 933

which included eligibility for the HIPP program. Thus, the district court ordered DHHS to reimburse Merie for health insurance premiums in the amount of $15,477.01, in addition to the $45,349.26 it had agreed to pay for daycare services due under the waiver program. Finally, the district court found that DHHS had "improperly placed barriers preventing Merie from receiving the amounts due to her" and therefore ordered DHHS to pay attorney fees incurred by Merie since the issuance of our mandate, in the amount of $4,506. It entered judgment against DHHS in the total amount of $76,260.48, which included additional attorney fees that had previously been awarded in our mandate. DHHS and the director appeal from that judgment.

## ASSIGNMENTS OF ERROR

DHHS and the director assign that the district court erred by (1) issuing an order outside the scope of the directions on remand, (2) receiving additional evidence at the hearing on Merie's motion to determine expenses, (3) considering an issue not presented as part of the petition for review, (4) ordering DHHS to pay Merie directly instead of following federal Medicaid requirements, and (5) awarding additional attorney fees to Merie.

## STANDARD OF REVIEW

[1] The construction of a mandate issued by an appellate court presents a question of law reviewed independently of the lower court's conclusion.[2]

[2,3] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.[3] When reviewing an order of a district court under the Administrative

---

[2] See *Anderson v. Houston*, 277 Neb. 907, 766 N.W.2d 94 (2009).

[3] *Merie B. I, supra* note 1.

- 938 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
MERIE B. ON BEHALF OF BRAYDEN O. v. STATE
Cite as 295 Neb. 933

Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[4]

## ANALYSIS

This matter initially came before this court upon an appeal by Merie after the district court, pursuant to the Administrative Procedure Act, affirmed DHHS' determination that Brayden no longer qualified for waiver services. We reversed the district court's judgment and remanded the cause to the district court with directions to order DHHS to reinstate waiver services to Brayden effective November 11, 2012.[5]

After remand, the district court correctly entered an order spreading the mandate and ordering DHHS to reinstate waiver services to Brayden effective November 11, 2012. Rather than seeking enforcement of that order by instituting a new proceeding pursuant to the Administrative Procedure Act, Merie filed a motion in district court. Said motion requested that the district court award her an additional $65,394.28 for reasonable and necessary childcare expenses incurred as a result of the wrongful termination of Brayden's services by DHHS. Although the district court was to function not as a trial court but as an intermediate court of appeals,[6] it held a hearing, over DHHS' objections. After receiving evidence, on April 18, 2016, the district court issued an order awarding a direct reimbursement of medical expenses and premiums to Merie.

DHHS and the director argue that the district court erred in ordering it to pay the insurance expenses and premiums, because such order exceeded the scope of our mandate in

---

[4] *Id.*

[5] See *id.*

[6] See *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007).

- 939 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
MERIE B. ON BEHALF OF BRAYDEN O. v. STATE
Cite as 295 Neb. 933

*Merie B. I.* On the other hand, Merie argues that the mandate required DHHS to reinstate Brayden's waiver services effective November 11, 2012, and that therefore, any adverse consequences that were directly caused by the wrongful termination should be remedied, including her termination from the HIPP program. We agree with DHHS and the director that the district court exceeded the scope of the mandate, and we therefore vacate the district court's April 18, 2016, order.

[4,5] It is well established that after receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court.[7] We have also said that a party may not extend his or her request for relief beyond that which was initially determined by this court.[8] For example, in *Gates v. Howell*,[9] we ordered the district court to enter a judgment on remand invalidating the tax treatment of mobile homes as motor vehicles. After the district court complied with that mandate, a new tax was imposed on the mobile homes by the assessor. Thereafter, the appellants filed an application for relief, which the district court denied. On appeal, we affirmed the district court's decision, reasoning:

"'Where the appellate court remands a cause with directions to enter judgment for the plaintiff in a certain amount, the judgment of the appellate court is a final judgment in the cause and the entry thereof in the lower court is a purely ministerial act. No modification of the judgment so directed can be made, nor may any provision be engrafted on, or taken from it. That order is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by it can have any

---

[7] *State ex. rel. Wagner v. Gilbane Bldg. Co.*, 280 Neb. 223, 786 N.W.2d 330 (2010). See, also, *Xerox Corp. v. Karnes*, 221 Neb. 691, 380 N.W.2d 277 (1986).

[8] *VanHorn v. Nebraska State Racing Comm.*, 273 Neb. 737, 732 N.W.2d 651 (2007), citing *Gates v. Howell*, 211 Neb. 85, 317 N.W.2d 772 (1982).

[9] *Gates v. Howell, supra* note 8.

- 940 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
MERIE B. ON BEHALF OF BRAYDEN O. v. STATE
Cite as 295 Neb. 933

effect, even though it may be such as the appellate court
ought to have directed.'"[10]
These principles of law control this appeal.

In *Merie B. I*, this court reversed the district court's judg-
ment, which was the final determination of the rights of the
parties in the action. Accordingly, our disposition of that
appeal constituted a final determination of the rights of the par-
ties in an action.[11] In other words, there were no further issues
before the district court on remand to resolve.

Although we are sympathetic to the district court's attempt
to render a remedy due to the special needs of Brayden and
the failure to act by DHHS, the district court was without
authority to expand the mandate and hold an evidentiary hear-
ing on Merie's "Motion to Determine Expenses." On remand,
the district court was to perform only the purely ministerial
act of spreading the judgment on its record. Any additional
remedy sought by Merie must be pursuant to another proceed-
ing—not as an enlargement of this appeal. For the reasons set
forth above, we vacate the district court's April 18, 2016, order,
which also awarded Merie additional fees.

## CONCLUSION

We determine that the district court exceeded the scope of
our mandate in *Merie B. I*, and therefore, the district court's
order of April 18, 2016, is hereby reversed, and the cause is
remanded with directions to vacate the judgment.

Reversed and remanded with directions.

Stacy, J., not participating.

---

[10] *Id.* at 89, 317 N.W.2d at 775.

[11] See Neb. Rev. Stat. § 25-1301 (Reissue 2016). See, also, *Huskey v.
Huskey*, 289 Neb. 439, 855 N.W.2d 377 (2014).