**Robert C. AGRON, on behalf of himself and all other telephone subscribers to the Illinois Bell Telephone Company who are similarly situated to him, Plaintiff,**

v.

**ILLINOIS BELL TELEPHONE COMPANY, an Illinois corporation, and United States of America, Defendants.**

**No. 69 C 1972.**

United States District Court,
N. D. Illinois, E. D.

Oct. 16, 1970.

---

Alex Elson, Willard J. Lassers and Aaron Wolff, of Elson, Lassers & Wolff, Chicago, Ill., for plaintiff.

Howard J. Trienens, Jules M. Perlberg, William C. Golden, Lee B. McTurnan and Theodore N. Miller, of Sidley & Austin, Chicago, Ill., for Ill. Bell Telephone Co.

Johnnie M. Walters, Daniel J. Dinan and William T. Hunter, U. S. Dept. of Justice, Washington, D. C., and William J. Bauer, U. S. Atty., Chicago, Ill., for the United States.

## MEMORANDUM OPINION

### Cross-motions for Summary Judgment on Count I

MAROVITZ, District Judge.

This is an action for the refund of certain federal excise taxes on telephone service alleged to have been overpaid since and including the last quarter of 1965. In addition to the alleged overpayments or overcollections, depending on one's view, plaintiff seeks statutory interest.

The Complaint consists of three counts: Count I, brought by Robert C. Agron, a subscriber to the telephone services of the Illinois Bell Telephone Company (IBT), against the United States raises the narrow, if perplexing, legal issue of the taxability of certain amounts set forth on plaintiff's telephone bill. Count II is brought as a class action by plaintiff on behalf of all telephone subscribers similarly situated. The Illinois Bell Telephone Company is joined as a defendant in this count. Count III is brought not only on behalf of all IBT subscribers, but also on behalf of IBT. Presently pending before this Court are cross-motions for summary judgment on Count I, IBT's motions for summary judgment on Counts II and III, and the Government's motions to dismiss Counts II and III. While Counts II and III raise jurisdictional and procedural questions, the ultimate substantive issue in all counts, the propriety of the challenged federal tax on telephone service, is the same. We turn now to the cross-motions for summary judgment on Count I. "(S)ummary judgment is appropriate where, as here, there are no material factual issues in dispute and only legal issues need be resolved." Chicago Joint Board Amalgamated Clothing Workers of America, A.F.L.–C.I.O. v. Chicago Tribune Co., 307 F.Supp. 422, 424 (N.D.Ill.1969).

The Government, under 26 U.S.C. § 4251(a), imposes a communications excise tax on persons who pay for local and toll telephone service. Local and toll telephone service is defined in the following section, 26 U.S.C. § 4252(a, b). Telephone companies, such as IBT, are required to collect the federal communications tax imposed on their subscribers under Section 4251. 26 U.S.C. § 4291.

The State of Illinois also imposes taxes on telephone companies engaged in transmitting messages. Ill.Rev.Stats. Ch. 120, § 467.2 (1969). The companies are authorized to pass a portion of that tax on to their subscribers or customers. Ill. Rev.Stats. Ch. 111⅔, § 36(b). Similarly, some local municipalities impose a tax

on telephone companies. Ill.Rev.Stats. Ch. 24, § 8–11–2 (1969), which charge may also be passed on to customers. Ill. Rev.Stats. Ch. 111⅔, § 36(a) (1969).

On its bills to its customers, the IBT separately lists the amount due on account of state and local taxes. See Complaint, Ex. 2 to Ex. 1. The Government, through the IBT as its collector or conduit, has been collecting its communications services tax, currently at the rate of 10%, on the total of the charges set forth for both telephone service and state and local taxes. For instance, one IBT bill sent to plaintiff provided in part:

|  |  | Due to Taxes * | U. S. Tax |  |
|---|---|---|---|---|
| Telephone Service | 17 50 | 59 | 1 81 | 19 90 |

\* City and state taxes

The narrow substantive issue before the Court is whether the federal communications tax is properly imposed. Plaintiff claims that the amount on his bill "due to taxes" is not an amount paid "for * * * communication services," pursuant to 26 U.S.C. § 4251(a), that, basically, he is being taxed on a tax, and that, consequently, the amounts attributable to state and local taxes should be excluded from consideration when the federal excise tax is calculated. Essentially, the Government's position is that the various state and municipal taxes are imposed on the telephone companies and not on telephone customers, that these items are just like other operating expenses, and that they may be passed on to the customers as a charge for communications services.

The federal excise tax is imposed on "amounts paid for the following communication services * * *:

Local telephone service.

Toll telephone service.

* * * * "

26 U.S.C. § 4251(a) (1). Both parties agree that the terms local and toll telephone service are to be given "their commonly accepted and understood meaning —the right to use a telephone which is part of a telephone system and to communicate thereby with other persons having telephones which are part of this system." Now 26 U.S.C. § 4254(2) provides that "(i)f a bill is rendered the taxpayer for local telephone service or toll telephone service—

(1) the amount on which the tax with respect to such services shall be based shall be the sum of all charges for such services included in the bill * * *."

Again, plaintiff claims that the federal tax is on the cost of telephone services only and not on local or state taxes on those services. The Government suggests that the challenged amounts are another kind of charge for such services which charge may be used as a basis for calculating the federal tax due.

A key to this puzzle can be found in the construction of the Illinois statutes which concern telephone taxes. As noted previously, "persons engaged in the business of transmitting messages in" Illinois, e. g., telephone companies, are assessed a "gross receipts" tax. Ill.Rev. Stats. Ch. 120, § 467.2 (1960), which tax may be passed on to their customers, Ill. Rev.Stats. Ch. 111⅔, § 36(b) (1969). Confronted with interpreting parallel statutory provisions which ostensibly taxed public utilities such as electric companies and permitted them to pass the charges on to their customers, the Illinois Supreme Court said in City of East St. Louis v. Union Electric Co., 37 Ill.2d 537, 542–543, 229 N.E.2d 522, 525 (1967):

"On a literal and superficial view it might appear as if the utility tax ordinance imposed a tax burden upon the Company, but on examination it is evident that the burden was placed on the consumers. The Company as authorized simply passed on the new charges to its consumers and the consumers not only paid such charges to the City but also paid the Company the expenses it incurred while serving as a

collector or conduit of taxes from the consumers to the City."

Essentially, then, the Illinois Supreme Court found that the statutory assessments were tantamount to or functionally equivalent to direct taxes on the consumers because the consumers were authorized to be charged, were charged, and, in fact, paid the amount due, plus an extra portion to cover the cost of collection. Significantly, the companies absorbed no collection costs. *Id.*

The state and local telephone tax system is indistinguishable from the utilities tax system construed in the *East St. Louis* case. Based on that case, there is no doubt that Illinois does not consider those amounts on the telephone bill due to state and local taxes to be levies on the company, but, rather, charges on the telephone subscriber. Under this construction, the amounts are not charges for local or toll telephone service under federal law. Consequently, they ought not be considered in that basis from which the federal telephone excise tax is figured.

Both sides make numerous references to former and current tax regulations which purport to clarify the language of the internal revenue statutes. We are frank to say those regulations basically are wordy exercises in circular reasoning which, in the final analysis, add little or nothing to an understanding of the problem before this Court.

We find, then, that the amount on plaintiff's telephone bill which is separately listed as due to taxes is not a charge for telephone service, but, rather, an assessment which is based on the telephone company's charge for service. Moreover, this assessment is, in reality, levied against the telephone subscriber or consumer. Thus, the federal telephone excise tax may not be based, to any extent, on this amount. Summary judgment on Count I of the Complaint is granted to plaintiff and denied to the Government.