Robert C. AGRON, on behalf of himself and all other telephone subscribers of Illinois Bell Telephone Company who are situated similarly to him, Plaintiff,

v.

ILLINOIS BELL TELEPHONE COMPA-ed States of America, Defendants. NY, an Illinois Corporation and Unit-

Civ. A. No. 69 C 1972.

United States District Court,
N. D. Illinois, E. D.

Dec. 11, 1970.

Alex Elson, Willard J. Lassers and Aaron Wolff, of Elson, Lassers & Wolff, Chicago, Ill., for plaintiff.

Howard J. Trienens, Jules M. Perlberg, Lee B. McTurnan and Theodore N. Miller of Sidley & Austin, Chicago, Ill., for Illinois Bell Tel. Co.

Johnnie M. Walters, Daniel J. Dinan and William T. Hunter, U. S. Dept. of Justice, Washington, D. C., and William J. Bauer, U. S. Atty., Chicago, Ill., for the United States.

MAROVITZ, District Judge.

## MEMORANDUM OPINION

Cross-Motions for Summary Judgment

This is an action for the refund of certain federal excise taxes on telephone service. The Complaint consists of three counts. Count I was brought by Robert C. Agron, a subscriber to the telephone services of the Illinois Bell Telephone Company (IBT), against the United States, and challenged the legality of the assessment of federal telephone excise taxes on that portion of a subscriber's telephone bill which is attributable to state and local taxes. On October 16, 1970, this Court granted summary judgment to plaintiff and against the Government, holding that assessments due to state and local taxes could not be considered in that basis from which the federal telephone excise tax was calculated, 319 F.Supp. 418. Count II of the Complaint is brought as a class action by plaintiff on behalf of all telephone subscribers similarly situated. IBT is joined as a defendant in this count. Count III is brought not only on behalf of all IBT subscribers, but also on behalf of IBT. Presently before the Court

are the Government's motion to dismiss Count II and III, IBT's motion for summary judgment on Counts II and III, and plaintiff's motion for a class action determination and for summary judgment on Counts II and III.

■ While extensive and involved briefs have been submitted by all parties, the complete, if short, answer to the basic issue raised in Count II is that plaintiff's class action for tax refunds may not be maintained. An action for the refund of federal taxes may only be commenced after an administrative claim has been filed and disallowed. 26 U.S.C. § 7422(a); United States v. Wells Fargo Bank, 393 F.2d 272, 273 (9th Cir. 1968); Mulcahy v. United States, 388 F.2d 300, 302 (5th Cir. 1968); England v. United States, 261 F.2d 455, 456 (7th Cir. 1958). Plaintiff has not alleged that any, much less all, of the tens of thousands of claimants on whose behalf he allegedly brings this action have exhausted their available administrative remedies. Plaintiff does allege that he filed an administrative tax refund claim on behalf of himself and all telephone subscribers similarly situated and that said claim was rejected. Complaint ¶ 23, Ex. 4. We find that attempt at satisfying the administrative prerequisites to this kind of civil suit to be unsatisfactory. By failing to name the claimants and the amounts due to each, plaintiff's claim on their behalf falls far short of the detail required by federal regulations. 26 C.F.R. § 301.6402–2. See Herrington v. United States, 416 F.2d 1029, 1031–1032 (10th Cir. 1969).

■ Essentially, an unauthorized agent may not "claim an unspecified refund for unknown principals." Harkins v. United States, 66–2 U.S.T.C. ¶ 9543, at 86,702 (E.D.Okla.1966), aff'd. on other grounds, 375 F.2d 239 (10th Cir. 1967). Consequently, the only party of whom we are aware that has standing to bring this action under 28 U.S.C. § 1346(a) (1), is the named plaintiff, Agron, who, at best, may be said to constitute a class of one. McConnell v. United States, 295 F.Supp. 605, 606 (E.D.Tenn.1969); Lipset v. United States, 37 F.R.D. 549, 551–552

(S.D.N.Y.1965), appeal dismissed, 359 F.2d 956 (2d Cir. 1966).

■ Once the class aspects of Count II are disregarded, the only difference between it and Count I is that IBT is named as a party defendant. IBT was allegedly joined as a party defendant under Rule 19, F.R.Civ.P., because it was needed for a just adjudication. Complaint, ¶ 20. The Government persuasively contends that the attempted joinder of a private litigant in a tax refund action is improper. See 28 U.S.C. § 1346 (a) (1); 26 U.S.C. § 7422(f); Lazier v. United States, 77 F.Supp. 241, 243 (D. N.D.1948); DeVan v. United States, 50 F.Supp. 992, 995 (D.N.J.1943); see also, United States v. Sherwood, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Berkeley v. United States, 276 F.2d 9, 12, 149 Ct.Cl. 549 (1960).

Since the relief to which plaintiff is entitled may occur without the involvement of IBT, the company is obviously not necessary in order to achieve a just adjudication. In view of this fact and the rules dealing with the relevant joinder in question, IBT ought to be and is hereby dismissed as a party defendant in Count II.

Summarizing, this Court finds that the only party entitled to bring this action is the named plaintiff, Agron, and that summary judgment is granted to both defendants and denied to plaintiff as to Count II.

■ Count III is in the nature of a class derivative action brought on behalf of IBT, plaintiff's theory being that IBT breached its fiduciary duty to the class to prevent its subscribers from being overcharged. Much of what has already been stated with respect to propriety of Count II applies here as well. In addition, since the challenged federal tax, 26 U.S.C. § 4251, is imposed on telephone customers, not companies, IBT had no claim to press against the Government. It was not the person assessed, nor was it the authorized agent of such a person, 26 C.F.R. § 301.6402–2(e). Neither was IBT eligible to pursue a claim under

26 U.S.C. § 6415(a) which permits tax collectors to obtain credits or refunds under certain circumstances not alleged to be present in the instant action. The obligation which IBT was bound to perform was not litigation on behalf of its subscribers, but the collection and holding of certain tax revenues according to federal statutes, 26 U.S.C. §§ 4291, 7501 (a), and policy. In short, IBT has no corporate claim to press, so there are no shoes in which plaintiff can stand. See Agron v. Illinois Bell Telephone Co., 67 C 2041 (N.D.Ill. Aug. 4, 1969), per Napoli, J. Defendants are entitled to summary judgment on Count III.