Sam E. **ROSE** et al., Plaintiffs,

v.

**AMERICAN AIRLINES, INC.,** et al.,
Defendants.

No. 70 C 1844.

United States District Court,
N. D. Illinois, E. D.

July 13, 1971.

Leo J. Spivack, Chicago, Ill., and Lawrence Weiner, for plaintiffs.

H. Templeton Brown, Bryson P. Burnham, J. Stanley Stroud, Lee Abrams, Mayer, Brown & Platt, Chicago, Ill., Thomas H. Boerschinger, Tax Division, Department of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

This is a class action challenging the constitutionality of the Airport and Airway Revenue Act of 1970, 84 Stat. 236 et seq., P.L. 91–258 (May 21, 1970). The Act imposes an 8 percent tax on domestic flights and a $3.00 per ticket tax on international flights originating in the United States. Included in the Act is a requirement that the price of a ticket shall show the total paid for the transportation without the taxes being separately shown. Under the original Act, listing the tax separately was a misdemeanor punishable by a fine of not more than $100.00.

In the second count of their complaint the plaintiffs challenge certain rates approved by the Civil Aeronautics Board (C.A.B.) at about the time of the promulgation of the Act. These new rates allow the airlines to round up to the next highest dollar the price of the transportation plus the 8 percent tax. Plaintiffs complain that there was insufficient notice before approval of the new rates and that the new rates are "unavoidably and integrally intertwined" with the allegedly invalid tax.

The plaintiffs' prayer asks that the allegedly deceptive and hidden taxes be declared unconstitutional, that the airlines be enjoined from collecting the tax, and that the Secretary of the Treasury be enjoined from distributing the fund thus far collected. Plaintiffs also request that the new airline rates be declared null and void and that funds improperly collected on the basis of the invalid rates be returned to the public.

The action is currently before the court on the motion of the United States to dismiss. The government's motion attacks several distinct aspects of plaintiffs' claim. First it is asserted that 26 U.S.C. § 7421(a) bars the court from granting the injunctive relief sought herein.

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The Supreme Court in Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) delineated the purview of section 7421(a) by stating that a federal district court could not enjoin the collection of a tax unless it could be shown that under the most liberal view of the law and the facts the tax was invalid and, in addition, the person seeking to enjoin the tax could establish that he has no adequate remedy at law.

■ The court has scrutinized the materials presented in this cause and has determined that under the *Enoch* test the court is barred from granting injunctive relief in the instant suit. Under the most liberal view of the law and the facts it is by no means certain that the tax is invalid. That portion of the Airport and Airway Revenue Act, upon which plaintiffs' claim of unconstitutionality rests, has been amended; i.e. section 7275 has been changed so that the tax is no longer required to be concealed. Public Law 91–680, 91st Congress, 2d Session, on January 12, 1971. Given this amendment, and taking the most liberal view of the law and facts, it is certainly possible that the United States will be able to establish the validity of the underlying tax. Further, even if the amendment had not been made, under the severability clause of the Internal Revenue Code of 1954, 26 U.S.C. § 7852(a), the allegedly improper aspect of the Airport and Airway Revenue Act could be struck down without affecting the underlying tax. United States v. Jackson, 390 U.S. 570, 585, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). In consonance with the foregoing, then, this court finds that it is barred by 26 U.S.C. § 7421 from granting the injunctive relief requested in this action.

■ The next point raised by the government is that the claim for refund brought on behalf of the class is insufficient in that only the named plaintiffs have filed individual claims for tax refunds as required by 26 U.S.C. § 7422(a). The recent case of Agron v. Illinois Bell Telephone Co., 319 F.Supp. 418 (N.D.Ill.1970) has held that sec. 7422(a) requires that before suit for refund can be filed in the federal court a claim must have been duly filed with the Secretary and that this requirement applies individually to all members of a class. The court concurs with the holding in *Agron* and accordingly the claims of the class for refund are stricken for failure to comply with 26 U.S.C. § 7422(a).

■ Next the government points out that the court has no jurisdiction to enter declaratory judgment in a suit with respect to federal taxes. 28 U.S.C. § 2201 provides as follows:

Creation of remedy.—In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (Emphasis added.)

The court is persuaded, and the plaintiffs in their brief do not really disagree, that declaratory judgment can not be had in this action under 28 U.S.C. § 2201.

■ Next the government claims that David M. Kennedy, Secretary of the Treasury, should be dismissed because this suit is basically one for a tax refund and that as such only the sovereign and

not individual officers of government can be sued. The court agrees with the government's general statement of law but the facts of this case do not fit into the simple mold suggested by the United States. The plaintiffs pray that the Secretary be enjoined from distributing from the Airport and Airways Trust Fund the monies collected via the allegedly unconstitutional tax. In this circumstance the exception to the general rule barring suits against individual government officers comes into play. The Supreme Court in Larson v. Domestic and Foreign Corp., 337 U.S. 682, 702, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949) stated that suits against officers of the sovereign can be maintained if the officer is attempting to exercise powers that are constitutionally void. In the instant case the government's motion to dismiss the Secretary must be denied pending a further determination of whether the powers sought to be exercised by the Secretary are constitutionally denied to him.

Finally, the court finds that it is without jurisdiction to adjudicate plaintiffs' claims against the C.A.B. as set out in count two. Congress has decreed that the problems of rate making are to be handled in the first instance by the C.A.B. and that challenges to these rates are to be directed to the proper appellate court and not to the United States District Court. Plaintiffs maintain that this court can consider the air fare rates because they are bound up with an alleged invalid tax. This point is not well taken. Plaintiffs' argument can be made in the context of the congressionally established procedure for the review of airline rates.

In sum it is the order of this court that plaintiffs' prayer, in so far as it seeks to enjoin the collection of the tax in question, be stricken, that the class action aspects of this suit be dismissed, that the C.A.B. be dismissed as a party, and that the government's motion to dismiss David M. Kennedy, Secretary of the Treasury, be denied.