27576. HENDERSON v. CARTER et al.

UNDERCOFLER, Justice. Havalyn M. Henderson on behalf of herself and others similarly situated filed a complaint against Jimmy Carter, as Governor of the State of Georgia, John Blackmon, as State Revenue Commissioner, William Burson, as State Treasurer, and the State of Georgia. The complaint as amended asserts that the complainants and others similarly situated purchased new vehicles from retail automobile agencies within the

State of Georgia during the period of time from August 15, 1971, through December 31, 1971, and paid Federal Excise Tax and Georgia Sales Tax as prescribed by law thereon; that the Georgia Sales Tax is assessed according to law at the rate of three percent of the total retail purchase price of the subject vehicle and included in said total purchase price was the Federal Excise Tax; that subsequent to the purchase of the new vehicles by the complainant and others similarly situated, the United States Congress repealed the Federal Excise Tax (Public Law 92-178, § 401 (c)) assessed against said vehicles purchased, retroactive to August 15, 1971, and as a result thereof all assessed Federal Excise Taxes were refunded to the purchasers of new vehicles retroactively to August 15, 1971; that the State of Georgia has not refunded and has refused to refund the three percent Georgia Sales Tax which has been collected by the State from each purchaser upon the amount of said refunded Federal Excise Tax; that the State has collected the sum of approximately $780,000 from approximately 130,000 purchasers of vehicles during said period of time; that the refusal of the State of Georgia to refund such moneys amounts to depriving the complainant and others similarly situated of their rightful property without due process of law as required by the State and Federal Constitutions; that they have no adequate remedy at law; and that a mandamus nisi should issue requiring the defendants to show cause why a mandamus absolute should not be issued against each of them requiring them to pay to complainant and others similarly situated the sums illegally withheld or in the alternative that they have judgment for such sums, court costs, and attorney fees.

The defendants filed a motion to dismiss the complaint on various grounds.

The motion of the defendants to dismiss the complaint on the following grounds was sustained by the trial court: "1. That this court lacks jurisdiction over the person of

the defendants in that the claim alleged is an action against the State to which the State has not given its consent insofar as, (a) the claim alleged seeks relief on behalf of an alleged class, (b) the claim alleged seeks to recover sales taxes collected pursuant to the Georgia Retailers' and Consumers' Sales and Use Tax Act [Acts 1951, pp. 360-387, as amended] and is made by the complainant, Havalyn M. Henderson, who has not filed a claim for refund with the State Revenue Commissioner as required by Georgia Code Ann. § 92-8436 (Acts 1937-38, Extra Sess. pp. 77, 94, as amended)," and (c) because the court has no jurisdiction over the subject matter of the claim for the same reasons.

The appeal is from this judgment. *Held:*

1. The first question to be considered by this court is whether this is a suit against the State without its consent.

In *Roberts v. Barwick,* 187 Ga. 691, 695 (1 SE2d 713), this court said: "It is difficult to describe in advance every action or suit against an officer or agent of the State that should be classified as an action against the State. The general rule that is applicable in all cases is that any case, regardless of who are named parties thereto, that could result in a judgment or decree that would in any manner affect or control the property or action of the State, in a manner not prescribed by statute, is a suit against the State and cannot be brought without her consent." Also *Maddox v. Coogler,* 224 Ga. 806 (165 SE2d 158).

This suit is against the named State officers and against the State.

2. The appellant contends that the State has waived its right of sovereign immunity by virtue of the enactment of the refund statute. This statute provides: "In any case in which it shall be determined that an erroneous or illegal collection of tax or license has been made by the Commissioner, the taxpayer from whom such tax or license was collected may, at any time within three years

after the date of the payment of same to the State Revenue Commissioner, file a claim for refund with the said Commissioner in writing and in such form and containing such information as the Commissioner may require, to include a summary statement of the grounds upon which the taxpayer relies . . . The Commissioner or his delegate shall consider information contained in taxpayer's claims for refund and such other information as may be available and shall approve or disapprove the taxpayer's claim and notify such taxpayer of his action. In the event any claim for refund is approved, the Commissioner shall forthwith proceed under subsection (a) of this section to give effect to the terms thereof: Provided, further, that any taxpayer whose claim for refund is denied by the Commissioner or his delegate, or with respect to whose claim no decision is rendered by the Commissioner or his delegate within one year from the date of filing said claim, shall have the right to sue for refund in the superior court of the county of the residence of the taxpayer . . ." Ga. L. 1937-38, Ex. Sess. pp. 77, 94; 1945, pp. 272, 274; 1955, pp. 455, 458 (*Code Ann.* § 92-8436 (b)).

This statute provides the method by which refunds and suits for refunds may be made by taxpayers. It does not provide for the bringing of a class action in either instance. The State has waived her sovereign immunity only to the extent provided by the express terms of this statute. It follows that a class action in the instant case is not authorized.

3. The appellant contends that public statements made by the State Revenue Commissioner that the Georgia Sales Tax would not be refunded to the taxpayers amounted to a policy declaration binding on the State Revenue Department and as such, prevented the appellant and other members of the class from following the procedures set out in *Code Ann.* § 92-8436 (b).

There is no merit in this contention. ". . . The language of the Civil Code § 303 [present *Code* § 89-903], is that

'Powers of all public officers are defined by law, and all persons must take notice thereof. The public cannot be estopped by the acts of any officer done in the exercise of a power not conferred.' This court held, in *Alexander v. State,* 56 Ga. 478 (7), that 'The State can only be estopped from asserting her right to her own property by legislative enactment or resolution.' . . . The language of these decisions and of the code section show that the State is bound only by its laws, and everyone must take notice thereof and recognize that public administrative officers can not change the laws." *Standard Oil Co. of Ky. v. State Revenue Commission,* 179 Ga. 371, 376 (176 SE 1).

4. Since the appellant has not filed a claim for refund as provided by *Code Ann.* § 92-8436 (b), the contention that the failure to refund the sales tax to her was a deprivation of her rights under the Georgia and Federal Constitutions is without merit.

5. "All official duties should be faithfully performed, and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." *Code* § 64-101. "The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought and there is no other adequate remedy. These two conditions must co-exist." *Lindsey v. Board of Commissioners &c. of Colquitt County,* 169 Ga. 368 (150 SE 261). In *Wright v. Forrester,* 192 Ga. 864 (16 SE2d 873) this court held that taxpayers had an adequate remedy at law under the refund statute (*Code Ann.* § 92-8436), and that mandamus would not lie.

*Judgment affirmed. All the Justices concur.*
ARGUED NOVEMBER 15, 1972—DECIDED DECEMBER 4, 1972—
REHEARING DENIED DECEMBER 18, 1972.

*Moffett & Henderson, F. Glenn Moffett, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, H. Perry Michael, Assistant Attorneys General,* for appellees.