Peter C. CHARLES and J. D. Brierly, on behalf of themselves and all other taxpayers in the State of Missouri, who have purchased new motor vehicles from and after August 16, 1971, Appellants,

v.

James R. SPRADLING, Director, Department of Revenue, State of Missouri, and his successor, Respondent.

No. 58564.

Supreme Court of Missouri,
En Banc.

July 14, 1975.

Gerald H. Lowther, J. Douglas Cassity, Robert W. Freeman, Lowther, Cassity, Ferguson & Freeman, Springfield, for plaintiffs-appellants.

John C. Danforth, Atty. Gen., Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

HIGGINS, Commissioner.

The question is whether the statutes of Missouri permit class action procedure to be employed to claim refunds of erroneously or illegally collected sales taxes.

This action was a consolidation of two separate claims for refund of sales tax. The claims arose when the federal government repealed as of August 16, 1971, the federal excise tax on the sale of new automobiles, which tax constituted part of the base upon which Missouri levied its sales tax on the sale of new automobiles, § 144.-070, RSMo 1969, V.A.M.S.

On January 28, 1972, pursuant to Section 144.190, RSMo 1969, Peter C. Charles filed a verified written claim for a $7.62 refund of sales tax paid on $253.00 repealed and refunded excise tax on his purchase November 5, 1971, of motor vehicle, number 1M45R2S14-3725. This claim was denied by the Director February 8, 1972, and claimant filed his petition for review March 8, 1972.

J. D. Brierly also filed a verified written claim pursuant to Section 144.190, RSMo 1969, asserting that he, "as does any citizen of Missouri similarly situated, does hereby request" a $7.39 refund of sales tax paid on $246.36 repealed and refunded excise tax on his purchase October 14, 1971, of motor vehicle, number 138571K175366. This claim was denied by the Director April 19, 1972. Claimant Brierly subsequently applied for a hearing before the Department of Revenue which was accorded May 17, 1972. Among other things, claimant Brierly testified in support of his claim for a $7.39 refund of sales tax, and answered affirmatively to questions from his lawyer: "Your situation is exactly the same as every other resident of Missouri who purchased a vehicle after August 16, 1971, on which sales tax was collected on amounts refunded as a result of the Excise Tax repeal, isn't it?" and " * * * you make this claim for refund on behalf of yourself and everyone else similarly situated, isn't that correct?" Mr. Brierly's claim for refund was again denied June 5, 1972. Claimant was further advised that the denial was a final decision of the Department of Revenue and that there was no further appeal available within the department.

On July 5, 1972, J. D. Brierly joined with Peter C. Charles in a petition for review of the denial of their claims "on behalf of themselves and all other taxpayers in the State of Missouri, who have purchased new motor vehicles from and after August 16, 1971, on which State Sales Tax and Use Tax has been collected on that portion of the purchase price attributed to the Federal Excise Tax which was repealed as of August 16, 1971 * * *." Plaintiffs prayed on behalf of themselves and all other taxpayers similarly situated for judgment reversing the Director's denial of the refunds in question, and commanding the Director to pay refunds to plaintiffs and all members of the class they represent.

On July 13, 1973, defendant Director of Revenue moved for summary judgment on grounds (1) that as a matter of law, plaintiffs are not entitled to a refund of the sales tax in question because Chapter 144, Revised Statutes of Missouri, contains no authority for such refunds, and (2) that as a matter of law, plaintiffs may not main-

tain their purported representative action because the procedural device known as a class action may not be utilized in a sales tax refund proceeding.

On July 18, 1973, plaintiffs moved for summary judgment on grounds (1) that as a matter of law, plaintiffs individually and as a class are entitled to a sales tax refund; and (2) that as a matter of law plaintiffs are proper persons to represent the class of persons denied a refund of sales tax and there are no prohibitions preventing utilization of a class action in a sales tax refund proceeding.

On December 14, 1973, the court ruled the action on the motions for summary judgment. Plaintiffs' motion for summary judgment was sustained as to plaintiffs Charles and Brierly to award them judgments for sales tax refunds of $7.63 and $7.39. Plaintiffs' motion was overruled as to all other parties for whom the named plaintiffs would sue in class action. Defendant's motion for summary judgment was overruled as to the named plaintiffs and sustained as to all others for whom named plaintiffs would sue. Judgment was entered accordingly.

■ There is no doubt that where taxes have been erroneously or illegally collected and retained and the legislature has authorized refund of such taxes, then the taxpayer may maintain an action to recover a refund of such taxes. International Business Machines Corp. v. State Tax Commission, 362 S.W.2d 635, 639 [1] (Mo. 1962).

The trial court, in ordering the refunds of sales taxes to plaintiffs Charles and Brierly, recognized that sales taxes in the amounts ordered refunded to them had been erroneously collected and illegally retained. Defendant Director of Revenue did not appeal from such a judgment and it is now conclusive and binding. Thus, the sole question is whether the statutes of Missouri permit the named plaintiffs to employ class action procedures to obtain refunds of such sales taxes on behalf of persons similarly situated. Appellants contend (I) that they are entitled to so proceed under the Sales Tax Law, Chapter 144, RSMo 1969; and (II) that they are so entitled under the class action procedure, Rule 52.08, V.A.M.R.

Under (I), appellants argue that they are entitled to their class action to recover sales tax refunds because Chapter 144, supra, "at no place prohibits use of a class action," and that they as a class fall within the definition of persons entitled to make a claim for a sales tax refund.

Under (II), appellants assert that they meet all the prerequisites necessary to a class action under Rule 52.08(a), i. e., a class so numerous joinder of all members is impracticable, common questions of law or fact, claims and defenses of the representative parties are typical of the claims and defenses of the class, the representative parties will fairly and adequately protect the interests of the class, and that, as required by Rule 52.08(b)(3), their common questions of law and fact "predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In making this assertion, appellants concede that the amount of refund is a question of fact not identical to all parties.

Appellants also argue that if their class action is not permitted, individual members of the class will be without a remedy or relief because Chapter 144 sets a limitation of one year after such tax is paid to make claim for refund, and that the one-year period has lapsed in every case but their own. They excuse the failure of members of the class to make claims within the statutory period to preserve a right to judicial relief on the ground that the claim, if pursued through appeal in the circuit court, would cost more than it is worth.

The State of Missouri may not be sued without its consent, and statutes such as those applicable to this case which waive the immunity of the sovereign from suit are strictly construed. Kleban v. Morris, 363 Mo. 7, 247 S.W.2d 832, 836–837 [1] [2] (1952). In addition, on grounds of public policy, the law discourages suits for the purpose of recovering taxes alleged to have been illegally levied and collected; and it is for this reason of policy that the remedy of a refund, including time in which it must be filed, is the exclusive remedy. International Business Machines Corp. v. State Tax Commission, supra, 362 S.W.2d 1. c. 640 [4].

Section 144.190, subd. 2, RSMo 1969, provides that if any sales tax has been erroneously or illegally collected, such sum shall be refunded to the person, but not unless duplicate copies of the claim for refund are filed within one year of the overpayment. Section 144.190, subd. 3, RSMo 1969, provides that every such claim must be in writing under oath, and must state the specific ground upon which the claim is founded, and, in the event a tax has been illegally imposed against a person, the Director of Revenue shall authorize the cancellation of the tax upon his record.

Section 144.190, supra, specifies the method by which sales tax refund claims may be made by persons claiming refunds of taxes illegally imposed. There is no provision for refunds of sales tax to be claimed on behalf of a class of taxpayers. The legislature has not waived the State's sovereign immunity to the extent of permitting such procedure. When a state consents to be sued, it may be sued only in the manner and to the extent provided by the statute; and the state may prescribe the procedure to be followed and such other terms and conditions as it sees fit. Gas Service Co. v. Morris, 353 S.W.2d 645, 655 [10] (Mo.1962); International Business Machines Corp. v. State Tax Commission, supra; Kleban v. Morris, supra, 247 S.W.2d 1. c. 840. See Henderson v.

Carter, 229 Ga. 876, 195 S.E.2d 4 (1972), for a case directly in point on both facts and law; and see also Hooks v. Comptroller of Treasury, 265 Md. 380, 289 A.2d 332 (1972); Hanson v. County of Lincoln, 188 Neb. 461, 197 N.W.2d 651 (1972); Newberry Mills, Inc. v. Dawkins, 259 S.C. 7, 190 S.E.2d 503 (1972). Note also in Agron v. Illinois Bell Telephone Co., 325 F.Supp. 487 (N.D.Ill.1970), reversed on other grounds, 449 F.2d 906 (7th Cir. 1971), that an individual who has filed a claim for a refund cannot represent a class of persons who have not filed claims themselves; he is in effect a class of one. Similarly, claimants Charles and Brierly are a class of two, representing themselves but no one else.

Section 144.010, subd. 1(5), RSMo 1969, provides that "person" includes, among other entities, "any other group or combination acting as a unit, and the plural as well as the singular number." This definition does not permit the term "person" to refer to a class of unrelated individuals as to permit them to make a claim for refunds under Section 144.190, supra, through a class action representative. Hocks v. Comptroller of Treasury, supra, 289 A.2d 1. c. 334 [2].

Note also that public statements made by the Director of Revenue that refunds of sales tax would not be allowed in these circumstances, if so, did not prevent members of the class, claimants Charles and Brierly, for example, from filing claims, and did not estop the State. Henderson v. Carter, supra, 195 S.E.2d 1. c. 6 [3, 4].

Miller v. Ste. Genevieve County, 358 S.W.2d 28 (Mo.1962), and Everett v. County of Clinton, 282 S.W.2d 30 (Mo. 1955), cited by appellants for their proposition that "taxpayers with a special interest have the right to bring class actions to enforce that interest," are not in point. The taxpayers in those instances were challenging the legality of certain public expenditures, not the legality of collection

of taxes from individuals. Nothing in either case suggests authority for a class action to obtain sales tax refunds. Neither is Naegele Outdoor Advertising Co., Inc. v. Kansas City, 509 S.W.2d 128 (Mo.1974) in point because it did not deal with class actions.

■ Rule 52.08 is procedural rather than substantive; and despite the desirability of actions under the rule in certain circumstances, e. g., annexation cases under the Sawyers Act, it may not be interpreted to permit a procedure for suing the state not provided within the limited waiver of sovereign immunity of Section 144.190, subd. 3, supra. Hooks v. Comptroller of Treasury, supra, 289 A.2d 1. c. 333–334 [1]; Henderson v. Carter, supra, 195 S.E.2d 1. c. 6–7 [5]; Kleban v. Morris, supra, 247 S.W.2d 1. c. 839 [11, 12]. See also Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), where the court considered an argument (similar to appellants' argument that if their class action is not allowed, individual members of the class will be without a remedy) that no member of the prospective class "has a large enough stake in the matter to justify separate litigation of his individual claim." The court held that the representative plaintiffs would have to bear the cost of individual notice to all members of the class under the requirements of Federal Rule 23 upon which Missouri's Rule 52.08 is patterned. Failure of the representatives to meet the mandatory requirements of the rule would result in dismissal of their claim, thus denying relief to all.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

Division One opinion by HIGGINS, C., is adopted as the opinion of the Court en Banc.

MORGAN, HOLMAN, HENLEY, FINCH and DONNELLY, JJ., concur.

BARDGETT, J., concurs in result.

SEILER, C. J., dissents in separate dissenting opinion filed.

SEILER, Chief Justice (dissenting).

As I understand the principal opinion, we start with the fact that the state has by Sec. 144.190 consented to be sued for sales tax refunds, but we then proceed to the court-made doctrine that such statutes are to be strictly construed and since Sec. 144.190 contains "no provision for refunds of sales tax to be claimed on behalf of a class of taxpayers", it follows that "The legislature has not waived the State's sovereign immunity to the extent of permitting such procedure."

This approach is consistent with the general reluctance of the courts to encourage claims for tax refunds, but I do not believe it is justified in the situation before us. It is equally important that the taxpayer know that under a just government the tax collector will not be permitted to take advantage of him.

The state now admits the tax refunds are due plaintiffs Charles and Brierly. Yet the state did all it could to keep from having to make refunds to the thousands of other Missouri taxpayers who were in the same situation. We can all recall the wide publicity which accompanied the repeal of the federal manufacturers' excise tax on new automobiles, occurring December 10, 1971, retroactive to August 15, 1971. We were told in oral argument, not challenged or denied by the state, that the Missouri Department of Revenue stated publicly that it would make no refunds of the amount of state tax paid on account of any dealer refunds of the federal tax. The Department of Revenue treated all taxpayers as a class to which it would make no refunds. It refused to give any information as to the

procedure to be followed to obtain a refund or time within which claims should be filed or the documentation required, saying none of this was necessary as the Department was not going to make refunds. The position taken by the Department was published in Prentice-Hall Inc.—State and Local Taxes Service, Missouri Vol. 2, Sec. 23,550.

Sometimes sales tax refunds, if allowed, would produce a windfall for the claimant, as in International Business Machines Corp. v. State Tax Commission, 362 S.W.2d 635 (Mo.1962), which is one of the reasons for the policy against suits to recover taxes. Here, however, the state is getting the windfall. Under these circumstances, I see no compelling need to go to the assistance of the state by invoking strict construction to hold the class action procedure is not available.[1] Examination of Sec. 144.190 shows nothing which forbids the use of a class action here. All that it requires is that the claim for refund be made in duplicate, in writing, under oath, within one year from the date of overpayment, with a statement of the specific grounds upon which the claim is founded. Each of these requisites is satisfied by the class action claim before us. The statute does not require that the claim be made in any particular form.

The matter is uniquely suitable for a class action, as it involves a class of Missouri citizens who paid sales tax on the federal excise tax on purchases of new automobiles during the August 15—December 10, 1971 period, far too numerous for practical joinder as individual plaintiffs. In every instance the tax is subject to refund for the same reason, the amounts involved are small as to each individual (too small to warrant cluttering the courts with individual claims and too small for the individual taxpayer to afford to hire counsel),[2] and the defendant, with its computerized records, can quickly and easily determine the amount of each individual refund. There are questions of law or fact common to the class, the claims of the representative parties are typical of the claims of the class, and the representative parties will fairly protect the interest of the class. Additionally, the party opposing the class has refused to act on grounds generally applicable to the class. Therefore, both subsections (a) and (b) of our rule 52.08 on class actions are met. The class is not too large to be manageable and the problem of the one year period of limitation is solved by the fact that the commencement of a class action commences the action for all of the class as subsequently determined, American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 39 L.Ed.2d 38 (1974).

In these instances where public authorities are remiss, as seems to be true of the conduct of the Department of Revenue in this case, and the taxpayer comes to the courts as his last resort, the credibility of our judicial system is involved and "[t]he class action is one of the few legal remedies the small claimant has against those who command the status quo. I would strengthen his hand with the view of creating a system of law that dispenses justice to the lowly as well as to those liberally endowed with power . . . ." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 186, 94 S.Ct. 2140, 2156, 40 L.Ed.2d 732 (1974) (Douglas, J., dissenting in part).

---

1. Gas Service Co. v. Morris, 353 S.W.2d 645 (Mo.1962) and Kleban v. Morris, 363 Mo. 7, 247 S.W.2d 832 (1952) are cited by the principal opinion in support of strict construction, but these cases are distinguishable. They involved attempted original actions against the state for money had and received from taxes allegedly illegally collected. Strict construction was resorted to in holding that the applicable refund statutes did not constitute state consent to direct actions. In the present case the plaintiffs have observed all appropriate procedures to obtain judicial review and do not seek to institute a direct or unauthorized cause of action against the state.

2. For example, in the present cases, plaintiff Charles was awarded $7.63 and plaintiff Brierly $7.39, with costs taxed against them of $38.00, resulting in a net loss of $22.98 after payment of costs.

In my opinion, basic fairness requires that the state refund these sales taxes, which it will not do unless this action proceeds, and therefore, I respectfully dissent. I would sustain plaintiffs' motion for summary judgment and would order the trial court to proceed with notification to the other members of the class and then with assessment of their respective refunds after the class is closed.