#25198-a-DG

**2010 SD 10**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

LOREN POURIER d/b/a MUDDY CREEK
OIL AND GAS, INC. and MUDDY
CREEK OIL AND GAS, INC.,                                    Claimants and Appellants,

v.

SOUTH DAKOTA DEPARTMENT OF
REVENUE AND REGULATION,                          Respondent and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JOHN BROWN
Judge
\* \* \* \*

VANYA S. HOGEN
JESSICA INTERMILL of
Jacobson, Buffalo, Magnuson,
 Anderson & Hogen, P.C.
St. Paul, Minnesota                                       Attorneys for claimants
                                                                      and appellants.


MARTY J. JACKLEY
Attorney General

MEGHAN JO SONSTEGARD
MEGHAN N. DILGES
Assistant Attorneys General
Pierre, South Dakota                                    Attorneys for respondent
                                                                      and appellee.


\* \* \* \*

ARGUED NOVEMBER 17, 2009

OPINION FILED **02/03/10**

#25198

GILBERTSON, Chief Justice

[¶1.]        Loren Pourier and Muddy Creek Oil and Gas Inc. (collectively, "Pourier") appeal the circuit court's order affirming the decision of the South Dakota Department of Revenue and Regulation (Department).  The Department's order denied Pourier's motion for leave to amend his tax refund claims to include his Oglala Sioux Tribe (OST) member customers as a class.  The Department determined, and the circuit court agreed, that South Dakota's limited waiver of sovereign immunity precludes a class action for motor fuel tax refunds.  We affirm.

**FACTS**

[¶2.]        This is the third time this case has come before us.  An in-depth narration of the facts can be found at *Pourier v. S.D. Dep't of Revenue* (*Pourier I*), 2003 SD 21, 658 NW2d 395, *modified on reh'g*, 2004 SD 3, 674 NW2d 314.  We review the history of this case and recite the salient facts for purposes of this third appeal.

[¶3.]        In *Pourier I*, we unanimously ruled that South Dakota motor fuel taxes were illegally collected from Muddy Creek Oil and Gas, Inc., a corporation solely owned by an enrolled member of the Oglala Sioux Tribe and located on the Pine Ridge Reservation.  We decided Muddy Creek's consumers who were enrolled members of the Oglala Sioux Tribe, not Pourier and his company, bore the legal incidence of the tax; therefore, those consumers were entitled to "the bulk of [the] refund."  To the extent Pourier and Muddy Creek were consumers, we held they were entitled to a refund.  We reversed and remanded with specific instructions for the trial court to:  1) determine the correct amount of the invalid tax (refund) that

-1-

applies to purchases by Muddy Creek for its use on the reservation; 2) determine, upon proper application, the correct amount of the invalid tax (refund) that applies to purchases by reservation Indian consumers; and, 3) determine related questions, such as prejudgment interest. *Pourier I*, 2003 SD 21, ¶38, 658 NW2d at 407.

[¶4.] After *Pourier I* was handed down, both Pourier and the State petitioned for rehearing. We granted the State's petition on the question of the proper limitations period for refund applications. We held that the fifteen-month limitations period is applicable under SDCL 10-47B-141, and that claims predating December 17, 1997, were untimely. We vacated Issue 4 of *Pourier I* and replaced it with the discussion found in *Pourier v. S.D. Dep't of Revenue* (*Pourier II*), 2004 SD 3, 674 NW2d 314. We specifically noted that *Pourier I* stands in "all other respects." *Pourier II*, 2004 SD 3, ¶2, 674 NW2d at 315.

[¶5.] On remand after *Pourier II*, Pourier filed a motion for leave to amend his claims to add a class of Oglala Sioux tribal-member-customer claimants. The circuit court remanded the matter to the Department. A hearing was held before a Hearing Examiner where briefs and oral arguments were considered. Prior to a final decision by the Department, Pourier stipulated to a judgment determining the amount of the refund due to him as a consumer between December 17, 1997, and November 30, 2003. However, the State and Pourier stipulated that his receipt of those funds would not preclude Pourier from appealing any final decision denying his motion for leave to amend his pleadings to include class claimants.

[¶6.] Subsequently, Secretary Kinsman of the Department adopted the proposed decision submitted by the Office of Hearing Examiners and issued a final

decision denying Pourier's motion for leave to amend. The basis for this decision was that the State has waived its sovereign immunity in a limited fashion for motor fuel taxes claims according to SDCL 10-59-1, 10-59-17, and 10-47B-131.2. The Secretary reasoned that because class actions are not expressly permitted under those statutes, South Dakota has not waived its sovereign immunity for a class action refund lawsuit. On appeal, the circuit court affirmed the decision of the Department. Pourier appeals the circuit court's judgment. We affirm.

## ISSUES

[¶7.] We rephrase the issues:

1. Whether SDCL ch. 1-26 or SDCL ch. 10-59 constitute an express waiver of sovereign immunity which authorizes a class action tax refund claim against the State.

2. Whether a class action lawsuit is outside the scope of the remand order of this Court.

3. Whether this case should be remanded back to the Department if Pourier is allowed to amend his pleading.

## STANDARD OF REVIEW

[¶8.] Our standard of review for administrative appeals is provided by SDCL 1-26-36.

> The statute requires us to give great weight to the findings and inferences made by the [agency] on factual questions. We examine agency findings in the same manner as the circuit court to decide whether they were clearly erroneous in light of all of the evidence. If after careful review of the entire record we are definitely and firmly convinced a mistake has been committed, only then will we reverse. Questions of law, of course, are fully reviewable.

*Pourier I*, 2003 SD 21, ¶6, 658 NW2d at 398 (citing Sopko v. C & R Transfer Co., 1998 SD 8, ¶6, 575 NW2d 225, 228) (internal citations omitted). "Statutory

interpretation and application are questions of law, and are reviewed by this Court under the de novo standard of review." State v. Anders, 2009 SD 15, ¶10, 763 NW2d 547, 551 (citation omitted).

## ANALYSIS & DECISION

[¶9.]    1.    **Whether SDCL ch. 1-26 or SDCL ch. 10-59 constitute an express waiver of sovereign immunity which authorizes a class action tax refund claim against the State.**

[¶10.]    The Department and circuit court properly denied Pourier's motion for leave to amend his pleadings to include class claimants. Pourier contends the circuit court and Department erred because class action claims are permitted for motor fuel tax refund claims. Pourier notes SDCL ch. 10-59 mandates that tax refund claims "shall follow the procedure established in this chapter[,]"and because that chapter does not prohibit class action claims, they are necessarily allowed. Pourier also argues that because SDCL 1-26-32.1 applies the rules of civil procedure to administrative appeals, a class action pursuant to SDCL 15-6-23(a) is possible under SDCL ch. 1-26. Therefore, Pourier contends class action claims are allowed for motor fuel tax refund claims with the Department. However, the statutory basis for administrative review of motor fuel tax refund claims and the State's limited waiver of sovereign immunity suggest an interpretation contrary to Pourier's.

[¶11.]    The statutory basis for a motor fuel tax refund claim is found in SDCL 10-59-1, SDCL 10-59-17, and SDCL 10-47B-131.2. SDCL 10-47B-131.2 provides for motor fuel tax refund claims. It states:

> *A consumer* of motor fuel or undyed special fuel may apply for
> and obtain a refund of fuel taxes imposed and paid to this state,
> if a state or federal court of final appeals finds that taxation of

> the purchase or use of the fuel is preempted by federal law or unconstitutional. If applicable, the claim shall be supported by fuel purchase invoices, odometer readings, log books and calculated on an average mile per gallon basis.

*Id.* (emphasis added). SDCL 10-59-17 provides:

> *A taxpayer* seeking recovery of tax . . . imposed by [SDCL ch. 10-47B] shall follow the procedure established in this chapter. *No court has jurisdiction of a suit to recover such taxes . . . unless the taxpayer seeking the recovery of tax complies with the provisions of this chapter.*

(emphasis added). Moreover, "[*a*] *taxpayer* seeking recovery of an allegedly overpaid tax . . . shall file *a claim* for recovery with the [S]ecretary[.]" SDCL 10-59-19 (emphasis added). Finally, SDCL 10-59-22 requires the Secretary to "determine the amount of any tax overpayment recoverable by *a taxpayer*. The Secretary's determination of the amount of the overpayment recoverable is, for the purposes of judicial review, a final decision in a contested case." (Emphasis added.) These statutes indicate that each taxpayer is required to pursue his claim individually with the Secretary of the Department in order to receive a final decision for appellate review. Simply put, subject matter jurisdiction of the circuit court does not attach until each taxpayer exhausts the statutory prerequisites provided in SDCL ch. 10-59.

[¶12.] Pourier and the dissent would have this Court adopt a type of "vicarious exhaustion" allowing a single taxpayer (Pourier) to confer jurisdiction on the circuit court on behalf of the entire class. This argument is misplaced. First, Pourier and the dissent state that SDCL 1-26-32.1, the gap-filler statute, provides for a class action claim in all administrative proceedings. SDCL 1-26-32.1 provides Title 15 shall apply "so far as the same may be consistent and applicable[.]" *Id.*

Under the motor fuel tax refund statutes, a taxpayer seeking a refund must comply with the procedures established in SDCL ch. 10-59. SDCL 10-59-17, -47B-131.2. Those statutes outline a procedure whereby each individual taxpayer files a claim for recovery with the Secretary. SDCL 10-59-17 ("*A taxpayer* seeking recovery . . . shall follow the procedure established in this chapter."); SDCL 10-47B-131.2 ("*A consumer* . . . may apply for and obtain a refund[.]"); *see* SDCL 10-59-19 ("*A taxpayer* seeking recovery . . . shall file *a claim* for recovery with the [S]ecretary[.]"). Therefore, SDCL 15-6-23 is *not applicable* and should not be imposed by SDCL 1-26-32.1.

[¶13.] Second, it is a "'long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" Zar v. S.D. Bd. of Exam'rs of Psychologists, 376 NW2d 54, 56 (SD 1985) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 US 41, 50-51, 58 SCt 459, 463, 82 LEd 638 (1938)). The prescribed remedy in this case was for each individual taxpayer to file a claim. SDCL 10-59-17, -59-19, -59-22, -47B-131.2. Contrary to the dissent's suggestion, our interpretation of the Legislature's statutory use of the singular, *i.e.*, "a taxpayer" and "a consumer," as a prohibition against class action claims upholds the plain meaning of the statute. *Compare* U.S. Xpress, Inc. v. N.M. Taxation and Revenue Dep't, 139 NM 589, 591-92, 136 P3d 999, 1001-02 (2006) (noting "a taxpayer" and "the taxpayer" in refund statute require individual claims), *and* Ariz. Dep't Revenue v. Dougherty, 200 Ariz. 515, 517-18, 29 P3d 862, 864-65 (2001) (noting Arizona statute's lack of individual taxpayer claim language permitted class

claims). *See* Hoffman v. Colo. Bd. of Assessment Appeals, 683 P2d 783, 787 (Colo 1984).

[¶14.]        Moreover, settled case law regarding limited waiver of sovereign immunity makes clear that without specific "constitutional or statutory authority, an action cannot be maintained against the State." *See* Lick v. Dahl, 285 NW2d 594, 599 (SD 1979) (citing Darnall v. State, 79 SD 59, 108 NW2d 201 (1961) (additional citations omitted); S.D. Const. art. III, § 27 ("The Legislature shall direct by law in what manner and in what courts suits may be brought against the [S]tate."). SDCL 10-47B-131.2 of the motor fuel tax refund statutes provides that authority and allows "[*a*] *consumer* . . . may apply for and obtain a refund of fuel . . . ." However, the extent of the waiver of sovereign immunity is limited to the express language of SDCL 10-59-17. This statute provides: "*A taxpayer* seeking recovery of tax . . . imposed by [chapter 10-47B] shall follow the procedure established in this chapter." SDCL 10-59-17 (emphasis added). As noted above, SDCL ch. 10-59 does not authorize class actions. As we stated in *Lick*:

> [I]t seems patently clear from a reading of the statutes that any [claim] under these statutes must be brought *by each individual on his or her own behalf.* . . . The state has waived its right of sovereign immunity only to the extent provided by the express terms of these statutes. . . . Therefore, we conclude that since class actions are not expressly provided for in either statute, SDCL 15-6-23 cannot be employed in suits for [motor fuel] tax refunds.

285 NW2d at 600 (emphasis added) (internal citations omitted). Other jurisdictions have found that class action suits to recover illegal taxes are not

allowed in the absence of a specific statute authorizing recovery.[1] *See* Hooks v. Comptroller of Treasury, 265 Md 380, 289 A2d 332 (1972); Charles v. Spradling, 524 SW2d 820 (Mo 1975); Hansen v. County of Lincoln, 188 Neb 461, 197 NW2d 651 (1972); Lilian v. Commonwealth, 467 Pa 15, 354 A2d 250 (1976). *See generally Propriety of Class Action in State Courts to Recover Taxes*, 10 ALR4th 655, 663 (1981).

**CONCLUSION**

[¶15.]     Pourier correctly asserts the "State's immunity cannot block the OST member customers' recovery of this unconstitutional tax."[2]  We agree.  SDCL 10-

---

1. The dissent relies heavily upon the recent Georgia Supreme Court decision *City of Atlanta v. Barnes*, 276 Ga 449, 578 SE2d 110 (2003).  *Barnes*'s overruling of the holding in *Henderson v. Carter*, 229 Ga 876, 195 SE2d 4 (1972) was summarily overruled by the Georgia Legislature which in its next session reinstated the holding of *Henderson* by statute barring class actions for refund claims.  *See* GaCodeAnn 48-2-35(c)(5).  More importantly, the statutory scheme *Barnes* interpreted was not the same as South Dakota's.  Our statutes expressly require individual exhaustion of administrative remedies as a prerequisite to waiver of sovereign immunity.  Moreover, the dissent's analysis of *Lick* overlooks the remaining cases *Lick* cites as *supporting* authority and which are also still good law.  *See Lick*, 285 NW2d at 600 (citing *Spradling*, 524 SW2d 820; *Hooks*, 265 Md 380, 289 A2d 332; *Hansen*, 188 Neb 461, 197 NW2d 651; *Lilian*, 467 Pa 15, 354 A2d 250).  Finally, *Lick* also relies heavily upon prior decisions of this Court concerning sovereign immunity, none of which have been overruled.

2. Pourier and the dissent rely on *SDDS, Inc. v. South Dakota*, 2002 SD 90, 650 NW2d 1, for the proposition that state agencies cannot assert sovereign immunity for taxes collected in violation of the United States Constitution.  Their application of *SDDS* is misguided.  In that case, we held that the "Eleventh Amendment will not immunize states from compensation specifically required by the Fifth Amendment."  *Id.* ¶23, 650 NW2d at 9.  In this case, however, the State is *not immune* from suit and there *is a remedy*— a remedy that allowed Pourier, as a consumer, to get a refund in the amount of $18,843.75 including statutory interest.  Therefore, any assertion that South Dakota's procedural protections provided in SDCL ch. 10-59 do not

(continued . . .)

47B-131.2 and SDCL ch. 10-59 do, however, provide the only avenue for relief. The motor fuel tax refund statutes provide no authority for class action claims to recover illegal taxes; rather, those statutes specifically require that each individual taxpayer file a claim with the Secretary. Absent individual claims, the circuit court is without jurisdiction. For that reason, SDCL 15-6-23 is not applicable via SDCL 1-26-32.1. Therefore, we hold that neither SDCL ch. 1-26 nor SDCL ch. 10-59 authorize class action claims against the State nor waive sovereign immunity to such an extent as to allow class actions. *See Lick*, 285 NW2d at 600 ("The [S]tate has waived its right of sovereign immunity only to the extent provided by the express terms of [the applicable refund] statutes." (citing *Darnall*, 79 SD 59, 108 NW2d 201)); *see also U.S. Xpress*, 139 NM at 591-92, 136 P3d at 1001-02 (noting "a taxpayer" and "the taxpayer" in New Mexico refund statute require individual claims as prerequisite to appellate jurisdiction). Pourier's motion for leave to amend to include other OST member consumers as class claimants was properly denied. Because we affirm the Department and circuit court on this issue, we need not reach the remaining issues.

[¶16.]     The record reflects that the State is aware of our previous holdings in this litigation and has already earmarked approximately $3.6 million for

---

(. . . continued)

provide a "meaningful remedy" are without merit. *See* McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Dep't of Bus. Reg. of Fl., 496 US 18, 49-51, 110 SCt 2238, 2257-58, 110 LEd2d 17 (1990) (regarding a refund for taxes collected in violation of the Commerce Clause and stating that the "States may avail themselves of a variety of procedural protections against any disruptive effects of a tax scheme's invalidation").

distribution to seven of the eight tribes in South Dakota as compensation for the unconstitutional tax. The State has testified on the record that the amount due OST members will similarly be earmarked at the conclusion of this appeal unless this Court determines that the funds go elsewhere. The State will also continue to process any claim that is properly submitted as required by our prior decisions in *Pourier I* and *Pourier II.*

[¶17.]        Affirmed.

[¶18.]        KONENKAMP, Justice, and MILLER, Retired Justice, concur.

[¶19.]        MEIERHENRY and SEVERSON, Justices, dissent.

[¶20.]        MILLER, Retired Justice, sitting for ZINTER, Justice, disqualified.


MEIERHENRY, Justice (dissenting).

[¶21.]        I respectfully dissent. Pourier should be allowed to amend his refund claims to allow his OST member customers as a class of fellow claimants. It was, after all, Pourier who challenged the constitutionality of the motor fuel tax and who, under protest, collected and paid the unconstitutional tax since 1999. It is certainly not a stretch of our legal procedures to also allow him to join the claims of those customers that had to pay the unconstitutional tax. The State should not be able to retain $1.6 million, or over $3 million with interest, of illegally collected taxes through stonewalling and procedural maneuvering.

[¶22.]        Sovereign immunity, limited or otherwise, cannot shield the State because the State's collection of the tax was unconstitutional. *See SDDS, Inc.*, 2002 SD 90, ¶20, 650 NW2d at 8-9. Construing the statutory scheme as a limited waiver

of immunity defeats any meaningful remedy for the OST member customers who were required to pay the unconstitutional motor fuel taxes.[3] While states may enact statutes to ensure procedural protections are afforded for wrongfully collected taxes, *see* 16D CJS Constitutional Law § 2060 (2009) (citing Williams v. State, 156 Vt 42, 589 A2d 840 (1990)), those statutes must still afford a meaningful remedy. *See McKesson Corp.*, 496 US at 50, 110 SCt at 2257 (citing Mathews v. Eldridge, 424 US 319, 348, 96 SCt 893, 909, 47 LEd2d 18 (1976)).

[¶23.]    It is unreasonable to conclude that the OST member customers in this case had access to a meaningful remedy. The relevant statutes required them to provide detailed fuel receipts for their fuel purchases from over ten years ago. These purchases were predominantly under ten dollars and were paid in cash. Not surprisingly, no other OST member customers have received refunds as a result of these extreme statutory requirements. Consequently, the vast majority of OST member customers had a remedy only in theory. In practice, under the majority's construction of the law, no meaningful remedy existed. This lack of a meaningful remedy stands in opposition to the general requirements of the Due Process Clause.

[¶24.]    Furthermore, the statutory language does not preclude a class action claim. SDCL 1-26-32.1's incorporation of the rules of civil procedure in Title 15 of the Code would allow a class action. Interpreting the statutory use of the singular, *i.e.* "a taxpayer" and "a consumer," as a prohibition against class action lawsuits

---

3.    While Pourier did receive his personal motor fuel tax refund, approximately $18,000, the amount he received was not significant in light of the total amount collected by the State, approximately $1.6 million. It is the much greater amount not repaid by the State that is the subject of my dissent.

strains the plain meaning of the statutes. Class actions are allowed under our statutes as follows: "one or more members of a class may sue or be sued as representative parties on behalf of all. . . ." SDCL 15-6-23(a). Read together, the statutes would permit "a taxpayer" or "a consumer" as "one member . . . of a class" to claim as a representative party on behalf of the entire class.

[¶25.]     The Georgia Supreme Court in *Barnes* addressed the availability of a class action claim in a similar scenario. 276 Ga 449, 578 SE2d 110, *superseded by statute*, Ga. Code Ann. § 48-2-35(b)(5) (2009), *as recognized in* Sawnee Elec. Membership Corp. v. Ga. Dep't of Revenue, 279 Ga 22, 25 n1, 608 SE2d 611, 614 n1 (2005).[4] In *Barnes*, the court analyzed a Georgia statute which provided the procedure for bringing an action for a tax refund. Like South Dakota's statutes, class actions were not specifically mentioned or permitted by Georgia's statutes. The Georgia Supreme Court, however, overruled *Henderson* and its prior holding that sovereign immunity must be waived by the express terms of the statute. The court went on to state that "when a statute provides the right to bring an action for a tax refund against a governmental body, that statute provides an express waiver of immunity and establishes the extent of the waiver (the amount of the refund), but does not purport to provide for the form of action to be utilized." *Barnes*, 276 Ga at 452, 578 SE2d at 113. The court further noted that "[b]y participating as a

---

4.     The majority cites and discusses *Lick*. 285 NW2d at 600. *Lick* cites *Henderson*, 229 Ga 876, 195 SE2d 4, to support the proposition that "[s]everal jurisdictions have likewise held that class actions cannot be maintained to recover taxes from the State in the absence of a specific statute authorizing it." *Lick*, 285 NW2d at 600. *Henderson*, however, was explicitly overruled by *Barnes*, 276 Ga 449, 578 SE2d 110.

plaintiff in a class action that includes a claim for a tax refund, a taxpayer is unquestionably bringing an action for a refund, which is what the [Georgia] statute permits." *Id.*

[¶26.] This is the precise situation faced by this Court. The amount of the State's obligation to be repaid does not change by permitting a class action, only the form by which it is to be repaid. The Georgia Supreme Court's analysis and recognition of this fact upholds both the spirit of tax refund statutes as well as the constitutional requirements of the Due Process Clause by permitting class actions to provide a meaningful remedy. If we were to adopt the same reasoning, the OST member customers adversely affected by the inappropriate collection of motor fuel taxes would be afforded a meaningful remedy by not being procedurally barred from recovery.

[¶27.] SEVERSON, Justice, joins this dissent.